# 14-2156-cv

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT



NICOLE PHILLIPS, INDIVIDUALLY AND ON BEHALF OF B.P. AND S.P., MINORS,
DINA CHECK, ON BEHALF OF MINOR MC, FABIAN MENDOZA-VACA,
INDIVIDUALLY AND ON BEHALF OF MM AND VM, MINORS,

*Plaintiffs-Appellants,*

*v.*

CITY OF NEW YORK, ERIC T. SCHNEIDERMAN, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL, STATE OF NEW YORK, DR. NIRAV R. SHAH,
IN HIS OFFICIAL CAPACITY AS COMMISSIONER, NEW YORK STATE
DEPARTMENT OF HEALTH, NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendants-Appellees.*

———————————

*On Appeal from the United States District Court
for the Eastern District of New York (Brooklyn)*

## JOINT APPENDIX
## VOLUME I OF II
## Pages A-1 to A-248

ERIC T. SCHNEIDERMAN
OFFICE OF THE ATTORNEY GENERAL
  OF THE STATE OF NEW YORK
*Attorneys for Defendants-Appellees
  City of New York, Eric T. Schneiderman,
  in his official capacity as Attorney General,
  State of New York and Dr. Nirav R. Shah,
  in his official capacity as Commissioner,
  New York State Department of Health*
120 Broadway, 25th Floor
New York, New York 10271
212-416-8018

PATRICIA FINN, ESQ.
*Attorney for Plaintiffs-Appellants
  Nicole Phillips, individually and on
  behalf of B.P. and S.P., minors,
  Dina Check, on behalf of minor MC,
  Fabian Mendoza-Vaca, individually
  and on behalf of MM and VM, minors*
450 Piermont Avenue
Piermont, New York 10968
845-298-0521

*(Additional Counsel on the Reverse)*

ZACHARY W. CARTER
CORPORATION COUNSEL
  OF THE CITY OF NEW YORK
*Attorneys for Defendant-Appellee*
  *New York City Department of Education*
100 Church Street
New York, New York 10007
212-356-1000

# TABLE OF CONTENTS

## VOLUME I

Docket Sheet from the District Court
through June 5, 2014 (printed 07/25/2014) ......................................................... A-1

Original Phillips Complaint with Exhibits dated January 9, 2012 .................... A-12

Original Mendoza Vaca Complaint with Exhibits dated January 18, 2012 ........ A-31

Check Order to Show Cause ............................................................................. A-51

Original Check Complaint with Exhibits............................................................ A-53

    Exhibit 1 (Original Request for Religious Exemption
    signed by Dina Check on 09/24/2010) ..................................................... A-68

    Exhibit 2 (Unsigned/undated letter from Dina
    and Andrew Check stating religious beliefs)............................................. A-71

    Exhibit 3 (Letter from Dina and Andrew Check
    dated 10/26/2012 stating religious beliefs)................................................ A-74

    Exhibit 4 (Undated Letter from Dina and Andrew Check
    stating religious beliefs- signed and notarized)........................................ A-77

    Exhibit 5 (Medical Request for Immunization Exemption
    signed by Dr. Michael Gabriel , dated 03/07/2012) ................................. A-82

    Exhibit 6 (Letter from Julia Sykes denying
    medical exemption request, dated 10/18/2012)........................................ A-84

Exhibit 7 (Letter from Julia Sykes requesting additional information to support religious exemption request, dated 10/22/2012) ..................... A-86

Exhibit 8 (Letter from Julia Sykes denying request for religious exemption and setting forth appeal process to interview with health liaison, Jolan Nagi, dated 11/07/2012) ......................................... A-89

Exhibit 9 (Email from Dina Check to Jolan Nagi) ................................. A-91

Exhibit 10 (Letter from Julia Sykes denying religious exemption and setting forth appeals process to Commissioner of Education, dated 12/04/2012) .............................................................. A-93

Affidavit of Plaintiff Check dated January 13, 2013 ......................................... A-95

Rule 65 Statement, dated February 12, 2013 ....................................................... A-98

Declaration of Julia Sykes, dated February 26, 2013in Opposition to Plaintiff's Motion for a Preliminary Injunction on the religious exemption .... A-100

Exhibit A (Letter to Parent of M.C., requesting additional information, dated 10/22/2012) ............................................. A-105

Exhibit B (Request for Religious Exemption to Immunization Form with Letter from Dina and Andrew Check, dated 10/26/2012, Refusal to Vaccinate Form signed by Dina Check on 11/01/2012, Declaration of Vaccination Exemption signed by Andrew and Dina Check. Dated and notarized on 11/01/2012) ................................. A-107

Exhibit C (Email from Jolan Nagi to Julia Sykes with attachment—Request for Religious Exemption to Immunization— Parent/Guardian Interview, dated 11/29/2012) ........................................ A-113

Exhibit D (Email from Jolan Nagi to Julia Sykes
forwarding addendum-email from Dina Check) ....................................A-117

Declaration of Gabriel Adrien, M.D, dated February 20, 2013
in Opposition to Plaintiff's Motion for a Preliminary Injunction
on the Check religious exemption................................................................... A-122

Exhibit AA (Medical Request for Immunization Exemption,
dated 03/07/12) Signed Order to Show Cause dated February
22, 2013 by USMJ Bloom granting Check's application for a
preliminary injunction hearing on the religious exemption .................. A-125

Declaration of Jessica Paradies, J.D., In Reply to Defendant's Opposition
and In Support of A Preliminary Injunction, dated February 28, 2013 ............ A-127

Signed Order to Show Cause, dated February 22, 2013 .................................. A-130

Transcript dated March 1, 2013, Preliminary Injunction
hearing on Check's religious exemption........................................................... A-132

Report and Recommendations dated March 22, 2013 USMJ
Bloom recommending a denial of preliminary injunction for
Check's religious exemption............................................................................. A-200

Check's Written Objections dated April 12, 2013, to USMJ Bloom's
Report and Recommendations on Check's religious exemption ..................... A-214

Order of Sandra L. Townes, dated May 20, 2013, adopting Report
and Recommendations of USMJ Bloom recommending a denial of
preliminary injunction for Check's religious exemption .................................. A-227

Check Order to Show Cause for Medical Exemption,
dated August 14, 2013 Rule 65 Statement ....................................................... A-233

Affidavit of Dina Check, dated August 8, 2013 ................................ A-236

    Exhibit 1 (Affidavit of Michael Gabriel, MD,
    dated August 7, 2013) ............................................................ A-241

    Exhibit 2 (Medical Request for Immunization
    Exemption, dated March 7, 2012) ......................................... A-244

    Exhibit 3 (Letter from Michael Gabriel, MD,
    dated January 21, 2013) ......................................................... A-245

Order to Show Cause, Medical Exemption ..................................... A-247

## VOLUME II

Letter dated August 15, 2013 from Chlarens Orsland, Esq., Defendant
City's Counsel objecting to Plaintiff Check's August 15, 2013 Order to
Show Cause for preliminary injunction on Check's medical exemption ......... A-249

Letter response dated August 20, 2013, from Plaintiff's Counsel
Patricia Finn, Esq., addressing Defendant City's letter objections to
application for a preliminary hearing on Check's Medical Exemption ............ A-252

Scheduling Order, dated August 23, 2013, granting Plaintiff's
application for the August 27, 2013 preliminary injunction hearing
on Check's Medical Exemption precluding medical testimony ...................... A-254

Transcript, dated August 27, 2013, from preliminary injunction
hearing for Check's Medical Exemption before USMJ Lois Bloom ............... A-255

Report and Recommendations dated September 11, 2013
USMJ Lois Bloom on Check's August 17, 2013 Preliminary
Injunction hearing on Check's Medical Exemption ......................................... A-284

Check's Written Objections dated September 23, 2013 to USMJ Bloom's
Report and Recommendation dated September 11, 2013 recommending a
denial of a preliminary injunction on Check's Medical Exemption ................. A-295

Minute Entry of Judge Kuntz dated October 31, 2013,
Consolidating *Phillips, Mendoza-Vaca* and *Check* cases ................................. A-308

Amended Verified Complaint of *Philips, Mendoza-Vaca and Check*
dated November 1, 2013 after Consolidation ..................................................... A-311

Defendant City's Notice of Motion to Dismiss,
dated November 29, 2013 ................................................................................. A-333

Defendant State's Notice of Motion to Dismiss,
dated December 18, 2013 .................................................................................. A-336

Plaintiff's January 14, 2014 Opposition to Motion to Dismiss;
Declaration of Patricia Finn, Esq. .................................................................... A-340

Order of USDJ Kuntz, dated March 12, 2014, adopting
Report and Recommendations of USMJ Bloom dated
September 11, 2013 recommending a denial of a preliminary
injunction for Check's Medical Exemption ....................................................... A-344

Judgment dated June 5, 2014 by Judge William F. Kuntz, III
dismissing complaint ......................................................................................... A-348

Plaintiffs-Appellants' Notice of Appeal dated June 10, 2014 .......................... A-354

Plaintiff's June 19, 2014, Notice of Motion to for Reconsideration
of Dismissal; Including Plaintiff's Memorandum of Law with Exhibits
in conformity with FRAP 30(a)(2) ("Excluded Material") by reason of
the independent relevance of Plaintiffs-Appellees stated therein .................... A-357

Exhibit 1 (Deposition of Julia Sykes, dated 05/14/2014)....................... A-387

Exhibit 2 (Expert Report of Dr. Yehuda Shoenfeld,
dated 04/21/2014) .................................................................. A-503

Exhibit 3 (Letter from NYC Department of Health and Mental
Hygiene to NYC Principals, 07/09/ 2013; Letter from NYC
Department of Health and Mental Hygiene to NYC Principals,
"First Warning Letter," dated 11/08/2012) ............................................ A-515

Order dated June 20, 2014, denying Plaintiff's Motion
to Re-argue Dismissal pursuant to FRCP 12(b)(6) .......................................... A-517

APPEAL,CONSOLIDATED

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:12-cv-00098-WFK-LB

| | |
|---|---|
| Phillips v. City of New York | Date Filed: 01/09/2012 |
| Assigned to: Judge William F. Kuntz, II | Jury Demand: None |
| Referred to: Magistrate Judge Lois Bloom | Nature of Suit: 440 Civil Rights: Other |
| Cause: 28:1441 Notice of Removal | Jurisdiction: Federal Question |

**Plaintiff**

**Nicole Phillips**
*individually and on behalf of B.P. and
S.P., minors*

represented by **Jonathan Matthew Victor**
Patricia Finn Attorney, P.C.
450 Piermont Avenue
Piermont, NY 10968
845-398-0521
Fax: 888-874-5703
Email: patriciafinnattorney@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patricia Finn**
Patricia Finn, Attorney P.C.
450 Piermont Avenue
Piermont, NY 10968
845-398-0521
Fax: 888-874-5703
Email: patriciafinnattorney@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Fabian Mendoza-Vaca**
*individually and on behalf of MM and
VM, minors*

represented by **Jonathan Matthew Victor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patricia Finn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dina Check**
*on behalf of minor MC*

represented by **Patricia Finn**
(See above for address)



A-1

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## V.

### **Defendant**

**City of New York**　　　　　　　　represented by **Thaddeus Jeremiah Hackworth**
New York City Law Department
100 Church Street, Room 2-192
New York, NY 10007
212-788-1165
Fax: 212-788-0877
Email: thackwor@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chlarens Orsland**
The City of New York Law Department
Office of Corporation Counsel
100 Church Street, Room 2-174
New York, NY 10007
(212) 788-0904
Fax: (212) 788-0940
Email: corsland@law.nyc.gov
*ATTORNEY TO BE NOTICED*

**Gloria Mihee Yi**
NYC Law Department
100 Church Street
New York, NY 10007
212-788-0303
Fax: 212-788-0940
Email: gyi@law.nyc.gov
*ATTORNEY TO BE NOTICED*

### **Defendant**

**Eric T. Schneiderman**　　　　　　represented by **Todd Alan Spiegelman**
*in His Official Capacity as Attorney*　　　　　　NYS Attorney General's Office
*General, State of New York*　　　　　　　　120 Broadway
24th Floor
New York, NY 10271
(212)416-8661
Fax: (212)416-6075
Email: todd.spiegelman@ag.ny.gov
*LEAD ATTORNEY*

ATTORNEY TO BE NOTICED

**Defendant**

**Dr. Nirav R. Shah**                        represented by **Todd Alan Spiegelman**
*in His Offcial Capacity as Commissioner,*                  (See above for address)
*New York State Department of Health*                      *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*


**Defendant**

**New York City Department of**             represented by **Chlarens Orsland**
**Education**                                              (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|---|---|---|
| 01/09/2012 | 1 | NOTICE OF REMOVAL from the Supreme Court of the State of New York, Queens County by City of New York ( Filing fee $ 350) Disclosure Statement on Civil Cover Sheet completed -no, (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 01/10/2012) |
| 01/09/2012 |  | FILING FEE: $ 350, receipt number 4653038425 (Bowens, Priscilla) (Entered: 01/10/2012) |
| 01/09/2012 |  | Summons Issued as to All Defendants. (Bowens, Priscilla) (Entered: 01/10/2012) |
| 01/19/2012 | 2 | Notice of Related Case (Bowens, Priscilla) (Entered: 01/19/2012) |
| 01/19/2012 | 3 | Notice of Related Case (Hackworth, Thaddeus) (Entered: 01/19/2012) |
| 01/19/2012 | 4 | Letter MOTION for pre motion conference by City of New York. (Hackworth, Thaddeus) (Entered: 01/19/2012) |
| 01/26/2012 | 5 | ORDER: An initial conference in the above-captioned case has been scheduled for March 30, 2012 at 11:00 a.m., before the Honorable Robert M. Levy, United States Magistrate Judge at 225 Cadman Plaza East, Brooklyn, New York. Parties are directed to check-in with chambers, Room 1223-S, upon arrival. All counsel must be present. Plaintiffs' counsel is directed to confirm with defendants counsel that all necessary participants are aware of this conference. Ordered by Magistrate Judge Robert M. Levy on 1/26/12. (Marino, Janine) (Entered: 01/26/2012) |
| 02/14/2012 | 6 | NOTICE of Appearance by Gloria Mihee Yi on behalf of City of New York (aty to be noticed) (Yi, Gloria) (Entered: 02/14/2012) |
| 03/02/2012 |  | ORDER granting 4 Motion for Pre Motion Conference. The Court has scheduled a pre-motion conference in the above-titled matter for Friday, March 9 at 12:30 P.M. before the Honorable William F. Kuntz in courtroom 6H North, 225 Cadman Plaza East, Brooklyn, New York 11201. Ordered by Judge William F. Kuntz, II on 3/2/2012. |

| | | (Crockett, Daniel) (Entered: 03/02/2012) |
|---|---|---|
| 03/09/2012 | | Minute Entry for proceedings held before Judge William F. Kuntz, II: Pre Motion Conference held on 3/9/2012. Appearances: Jonathan Victor, Esq. appeared on behalf of the Plaintiff. Thaddeus Hackworth, Esq. and Gloria Yi, Esq. appeared on behalf of the Defendant. The defendant's application to file its Motion to Dismiss is granted. The Courts adopts the parties' proposed briefing schedule as follows: counsel for the defendant shall serve the Motion to Dismiss on or before on April 11, 2012; counsel for the plaintiff shall serve the response on or before May 9, 2012; counsel for the defendant shall serve the reply on or before May 23, 2012. Once the motion is fully briefed, the original moving party shall be responsible for immediately filing all motion papers on ECF by 5:00 P.M. on Wednesday, May 23, 2012. (Court Reporter Fred Guerino.) (Jackson, Andrew) (Entered: 03/20/2012) |
| 03/20/2012 | 7 | CERTIFICATE OF SERVICE by Nicole Phillips *of Rule 26 Disclosures* (Victor, Jonathan) (Entered: 03/20/2012) |
| 03/30/2012 | | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Joonathan Victor, Gloria Yi. Discovery stayed at the parties' request, pending decision of the motion to dismiss. Initial Conference Hearing held on 3/30/2012 (Levy, Robert) (Entered: 03/30/2012) |
| 05/02/2012 | 8 | First MOTION for Extension of Time to File Response/Reply *to Defendant's Motion to Dismiss* by Nicole Phillips. (Victor, Jonathan) (Entered: 05/02/2012) |
| 05/02/2012 | 9 | First MOTION for Extension of Time to File Response/Reply *to Defendant's Motion to Dismiss* by Nicole Phillips. (Victor, Jonathan) (Entered: 05/02/2012) |
| 05/02/2012 | | Motions terminated, docketed incorrectly: 8 First MOTION for Extension of Time to File Response/Reply *to Defendant's Motion to Dismiss* filed by Nicole Phillips. *See* docket entry 9 for correction. (Barrett, C) (Entered: 05/02/2012) |
| 05/04/2012 | | ORDER granting 9 Motion for Extension of Time to File Response/Reply. Plaintiffs shall serve their response no later than 5 P.M. on May 30, 2012. Defendant shall serve its reply and file all papers to ECF no later than 5 P.M. on June 27, 2012. Ordered by Judge William F. Kuntz, II on 5/4/2012. (Crockett, Daniel) (Entered: 05/04/2012) |
| 06/27/2012 | 10 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *pursuant to Fed. R. Civ. P. 12(b)(6)* by City of New York. (Attachments: # 1 Certificate of Service) (Yi, Gloria) (Entered: 06/27/2012) |
| 06/27/2012 | 11 | MEMORANDUM in Support re 10 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by City of New York. (Attachments: # 1 Certificate of Service) (Yi, Gloria) (Entered: 06/27/2012) |
| 06/27/2012 | 12 | MEMORANDUM in Opposition re 10 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by Nicole Phillips. (Attachments: # 1 Certificate of Service) (Yi, Gloria) (Entered: 06/27/2012) |
| 06/27/2012 | 13 | MEMORANDUM in Support re 10 MOTION TO DISMISS FOR FAILURE TO |

|  |  |  |
|---|---|---|
|  |  | STATE A CLAIM *pursuant to Fed. R. Civ. P. 12(b)(6) (Reply Memorandum)* filed by City of New York. (Attachments: # 1 Certificate of Service) (Yi, Gloria) (Entered: 06/27/2012) |
| 06/28/2012 | 14 | First MOTION to Amend/Correct/Supplement 12 Memorandum in Opposition *with Exhibit 1* by Nicole Phillips. (Attachments: # 1 Exhibit Exhbit 1) (Victor, Jonathan) (Entered: 06/28/2012) |
| 01/17/2013 |  | ORDER granting 14 Motion to Amend/Correct/Supplement. So Ordered. Judge William F. Kuntz, II on 1/17/2013. (Kuntz, William) (Entered: 01/17/2013) |
| 02/12/2013 |  | ORDER: A conference has been scheduled for March 5, 2013 at 10:00 a.m., before the Hon. Robert M. Levy, USMJ in Courtroom 11-B. Ordered by Magistrate Judge Robert M. Levy on 2/12/2013. Associated Cases: 1:12-cv-00098-WFK-RML, 1:12-cv-00237-SJ-RML. (Marino, Janine) (Entered: 02/12/2013) |
| 02/12/2013 |  | SCHEDULING ORDER: Motion Conference set for Friday, February 15, 2013 at 10:30 AM in Courtroom 6H North before Judge William F. Kuntz II. So Ordered by Judge William F. Kuntz, II on 2/12/2013. (White, Lauren) (Entered: 02/12/2013) |
| 02/15/2013 |  | Minute Entry for proceedings held before Judge William F. Kuntz, II:Pre Motion Conference held on 2/15/2013. Appearances: Patricia Finn, Esq., appeared on behalf of the Plaintiff. Gloria Yi, Esq., appeared on behalf of the Defendant. The Court granted the Defendant's application to make the Motion to Dismiss in the Mendoza-Vaca action. The Court ordered the following briefing schedule: Plaintiff shall serve the Proposed Amended Complaint on or before Friday, March 1, 2013; Defendant shall serve the Motion to Dismiss and Motion to Dismiss the Proposed Amended Complaint on or before Friday, April 19, 2013; Plaintiff shall serve the response on or before Friday, May 24, 2013; and Defendant shall serve the reply on or before Friday, June 28, 2013. Once the motion is fully briefed, the Defendant shall be responsible for immediately filing all motion papers on ECF no later than 5:00 P.M. on June 28, 2013. Defense counsel shall also mail a courtesy copy of the fully briefed motion to the attention of Mr. Andrew Jackson. (Court Reporter Mary Agnes Drury.) Associated Cases: 1:12-cv-00098-WFK-RML, 1:12-cv-00237-WFK-RML (Jackson, Andrew) (Entered: 02/22/2013) |
| 02/26/2013 | 15 | MOTION to Adjourn Conference */Cancel Conference pending resolution of anticipated motion* by City of New York, City of New York. Associated Cases: 1:12-cv-00098-WFK-RML, 1:12-cv-00237-WFK-RML (Yi, Gloria) (Entered: 02/26/2013) |
| 02/27/2013 |  | ORDER granting (15) Motion to Adjourn 3/5/13 Conference in both cases until after motions to dismiss are decided. Ordered by Magistrate Judge Robert M. Levy on 2/27/2013. Associated Cases: 1:12-cv-00098-WFK-RML, 1:12-cv-00237-WFK-RML (Levy, Robert) (Entered: 02/27/2013) |
| 03/04/2013 |  | ORDER deferring ruling on 10 Motion to Dismiss for Failure to State a Claim. This Court will rule on Defendant's Motion to Dismiss in conjunction with ruling on Defendants' forthcoming Motion to Dismiss in related case, Mendoza-Vaca v. City of New York, 1:12-cv-00237-WFK-RML, which Motion will be fully briefed and filed on June 28, 2013. So Ordered by Judge William F. Kuntz, II on 3/4/2013. (White, Lauren) (Entered: |

| | | |
|---|---|---|
| | | 03/04/2013) |
| 03/12/2013 | | TRIAL MANAGEMENT ORDER: Five-day Bench Trial will begin Monday 11/18/2013 at 9:30 AM in Courtroom 6H North before Judge William F. Kuntz II. So Ordered by Judge William F. Kuntz, II on 3/12/2013. (White, Lauren) (Entered: 03/12/2013) |
| 10/01/2013 | | SCHEDULING ORDER: Due to an unanticipated change in the Court's calendar, the final day of the five-day bench trial, currently scheduled for Friday, November 22, 2013, is hereby rescheduled to Monday, November 25, 2013 at 9:30 A.M. Trial will begin on Monday, November 18, 2013, at 9:30 A.M., as originally scheduled. So Ordered by Judge William F. Kuntz, II on 10/1/2013. Associated Cases: 1:12-cv-00098-WFK-RML, 1:12-cv-00237-WFK-RML (White, Lauren) (Entered: 10/01/2013) |
| 10/09/2013 | 16 | Letter by Nicole Phillips, Fabian Mendoza-Vaca Associated Cases: 1:12-cv-00098-WFK-RML, 1:12-cv-00237-WFK-RML (Finn, Patricia) (Entered: 10/09/2013) |
| 10/10/2013 | | SCHEDULING ORDER: Status Conference set for Friday, October 18, 2013 at 12:00 P.M. in Courtroom 6H North before Judge William F. Kuntz II. So Ordered by Judge William F. Kuntz, II on 10/10/2013. (White, Lauren) (Entered: 10/10/2013) |
| 10/10/2013 | 17 | NOTICE of Appearance by Chlarens Orsland on behalf of City of New York (aty to be noticed) (Orsland, Chlarens) (Entered: 10/10/2013) |
| 10/15/2013 | 18 | Letter *response to letter of Patricia Finn, Esq., dated October 9, 2013* by City of New York, City of New York Associated Cases: 1:12-cv-00098-WFK-RML, 1:12-cv-00237-WFK-RML (Orsland, Chlarens) (Entered: 10/15/2013) |
| 10/18/2013 | | Minute Entry for proceedings held before Judge William F. Kuntz, II: Status Conference held on 10/18/2013. Appearances: Patricia Finn, Esq. appeared on behalf of the Plaintiff. Chlarens Orsland, Esq. appeared on behalf of the Defendant. At today's conference the Court ordered the following: 1) Any stays of discovery are hereby lifted; 2) The parties are directed to contact the chambers of Magistrate Judge Lois Bloom to set a discovery schedule and to address any ongoing discovery-related disputes; 3) The following cases Phillips v. City of New York (12-cv-98) and Mendoza-Vaca v. City of New York (12-cv-237) shall be consolidated with Check v. New York City Department of Education (13-cv-791); 4) The five-day bench trial currently scheduled to begin on Monday, November 18, 2013 is hereby adjourned and converted to a four-day bench trial beginning at 9:30 A.M. on Monday, June 30, 2014; and 5) The Plaintiff shall serve and file the amended complaints by 5:00 P.M. on or before Friday, November 1, 2013; 6) The Defendant shall have thirty (30) days to move, answer, or otherwise respond to the amended complaints. If the Defendant elects to serve a motion to dismiss, the parties shall file a proposed briefing schedule on ECF by 5:00 P.M. on or before Friday, December 2, 2013. The Court shall enter an order on ECF memorializing these dates and the consolidation of all three actions. (Court Reporter Lisa Schmid.) Associated Cases: 1:12-cv-00098-WFK-LB, 1:12-cv-00237-WFK-LB, 1:13-cv-00791-WFK-LB (Jackson, Andrew) (Entered: 10/31/2013) |

| 10/22/2013 | 19 | DECISION AND ORDER: Upon review of the record in this case, having heard the arguments of the parties at a status conference held on Friday, October 18, 2013, the Court hereby orders as follows: Any stays of discovery in the above captioned cases are hereby lifted. The parties are directed to appear before United States Magistrate Judge Lois Bloom to set a schedule for discovery and to resolve any and all discovery-related disputes. The bench trial currently scheduled to begin on Monday, November 18, 2013 in Phillips (12-cv-98) and Mendoza-Vaca (12-cv-237) is hereby adjourned. The cases, now consolidated with Check (13-cv-791), will proceed to a four-day bench trial beginning at 9:30 A.M. on Monday, June 30, 2014. Plaintiff is granted leave amend the complaints in the above captioned cases. The amended complaints shall be filed on or before 5:00 P.M. on Friday, November 2, 2013. Defendant has thirty (30) days to respond to the amended complaints, whether by answer or dispositive motion. Notwithstanding this Court's Individual Rules, Defendant may move to dismiss the complaints without first requesting a pre-motion conference. If Defendant elects to move to dismiss the complaints, the parties shall confer and file a proposed briefing schedule on ECF on or before 5:00 P.M. on Friday, December 2, 2013. Discovery will not be stayed by the filing of any dispositive motions. Ordered by Judge William F. Kuntz, II on 10/21/2013. (Brucella, Michelle) (Entered: 10/22/2013) |
| 10/23/2013 | | Case Reassigned to Magistrate Judge Lois Bloom. Magistrate Judge Lois Bloom, Magistrate Judge Robert M. Levy no longer assigned to the case. SEE ORDER dated 10/22/2013. (Marziliano, August) (Entered: 10/23/2013) |
| 10/25/2013 | | SCHEDULING ORDER: The Court shall hold a status conference in these consolidated actions on November 6, 2013 at 2:30 p.m. in Courtroom 11A. The parties shall file their Rule 26(f) Meeting Report with the Court by November 6, 2013. Parties are advised that they must contact each other before making any request for an adjournment to the Court. Any request for an adjournment must be electronically filed with the Court at least forty-eight (48) hours before the scheduled conference. Ordered by Magistrate Judge Lois Bloom on 10/25/2013. (Frankel, Dustin) (Entered: 10/25/2013) |
| 11/01/2013 | 28 | AMENDED COMPLAINT *by all Plaintiffs* against All Defendants, filed by Nicole Phillips. (Attachments: # 1 Proposed Summons AG, # 2 Proposed Summons Commissioner) (Nair, Rekha) (Entered: 12/19/2013) |
| 11/04/2013 | | SCHEDULING ORDER: The Court adjourns the November 6, 2013 status conference to November 20, 2013 at 2:30 p.m. in Courtroom 11A South. The parties shall file their Rule 26(f) Meeting Report with the Court by November 19, 2013. Ordered by Magistrate Judge Lois Bloom on 11/4/2013. (Nair, Rekha) (Entered: 11/04/2013) |
| 11/18/2013 | | SCHEDULING ORDER: On the parties' request, the Court adjourns the status conference in these consolidated actions to December 18, 2013 at 2:00 p.m. in Courtroom 11A. The parties shall exchange their Rule 26(a)(1) initial disclosures and file their Rule 26(f) Meeting Report with the Court by December 12, 2013. Any request regarding deadlines established by Judge Kuntz should be made to his attention. Ordered by Magistrate Judge Lois Bloom on 11/18/2013. (Toledo, Amelia) (Entered: 11/18/2013) |

| 11/19/2013 | 20 | SUMMONS Returned Executed by Nicole Phillips. (Finn, Patricia) (Entered: 11/19/2013) |
| 11/19/2013 | 21 | SUMMONS Returned Executed by Nicole Phillips. (Finn, Patricia) (Entered: 11/19/2013) |
| 12/02/2013 | 22 | Proposed Scheduling Order *for New York City Defendants' Motion to Dismiss the Complaints (or Alternatively for Summary Judgement)* by City of New York, New York City Department of Education, City of New York Associated Cases: 1:12-cv-00098-WFK-LB, 1:12-cv-00237-WFK-LB, 1:13-cv-00791-WFK-LB (Orsland, Chlarens) (Entered: 12/02/2013) |
| 12/02/2013 | 23 | Letter *from Chlarens Orsland cc'ed to Magistrate Judge Bloom (per Judge Kuntz's Individual Rules of Practice) Indicating Service of Motion to Dismiss (or for Summary Judgement)* by City of New York, New York City Department of Education, City of New York Associated Cases: 1:12-cv-00098-WFK-LB, 1:12-cv-00237-WFK-LB, 1:13-cv-00791-WFK-LB (Orsland, Chlarens) (Entered: 12/02/2013) |
| 12/03/2013 | 24 | ORDER: re (47 in 1:13-cv-00791-WFK-LB) Proposed Scheduling Order: The application is granted. Ordered by Judge William F. Kuntz, II on 12/2/2013. Associated Cases: 1:12-cv-00098-WFK-LB, 1:12-cv-00237-WFK-LB, 1:13-cv-00791-WFK-LB (Brucella, Michelle) (Entered: 12/03/2013) |
| 12/12/2013 | 25 | REPORT of Rule 26(f) Planning Meeting Associated Cases: 1:12-cv-00098-WFK-LB, 1:12-cv-00237-WFK-LB, 1:13-cv-00791-WFK-LB (Spiegelman, Todd) (Entered: 12/12/2013) |
| 12/18/2013 |  | SCHEDULING ORDER: The Court held a status conference in these consolidated actions on December 18, 2013. The parties shall complete all discovery by March 17, 2014. During the conference, the parties confirmed that Judge Kuntz consolidated these actions for all purposes; accordingly, plaintiffs' Amended Complaint should have been filed in the case with the earliest docket number, Phillips, No. 12-CV-98, and should have listed all the parties in one caption. The Clerk of Court shall consolidate these actions under the Phillips docket, amend the caption of that case to reflect all named parties, and close docket Nos. 12-CV-237 and 13-CV-791. Ordered by Magistrate Judge Lois Bloom on 12/18/2013. Associated Cases: 1:12-cv-00098-WFK-LB, 1:12-cv-00237-WFK-LB, 1:13-cv-00791-WFK-LB (Sullivan, Meghan) (Entered: 12/18/2013) |
| 12/18/2013 | 26 | Letter *from Todd Spiegelman, copied to Judge Bloom (per Judge Kuntz's Individual Practice Rules) indicating service of State Defendants' Motion to Dismiss* by Eric T. Schneiderman, Nirav R. Shah (Spiegelman, Todd) (Entered: 12/18/2013) |
| 12/18/2013 | 27 | NOTICE of Appearance by Todd Alan Spiegelman on behalf of Eric T. Schneiderman, Nirav R. Shah (aty to be noticed) (Spiegelman, Todd) (Entered: 12/18/2013) |
| 12/19/2013 |  | Case Consolidated per 12/18/13 order. (Nair, Rekha) (Entered: 12/19/2013) |
| 12/24/2013 | 29 | Proposed Scheduling Order *for City and State Defendants' Motions to Dismiss the Amended Complaint* by Eric T. Schneiderman, Nirav R. Shah (Spiegelman, Todd) |

| | | (Entered: 12/24/2013) |
|---|---|---|
| 12/26/2013 | | The Court hereby adopts the parties' proposed briefing schedule. Plaintiffs' Opposition to the City Defendants and State Defendants' motions to dismiss will be served on or before January 14, 2014. The City Defendants and State Defendants' reply will be served on or before January 29, 2014. The City Defendants and State Defendants will file their fully briefed motions via ECF on or before January 31, 2014. The City Defendants and State Defendants must also send courtesy copies of their fully briefed motions to the courthouse via overnight mail, addressed to Mr. Andrew Jackson. So Ordered by Judge William F. Kuntz, II on 12/26/2013. (Wang, Andrew) (Entered: 12/26/2013) |
| 01/24/2014 | 30 | First MOTION for Extension of Time to File Response/Reply *(Replies) in further support of City and State Defendants' Motions to Dismiss* by Eric T. Schneiderman, Nirav R. Shah. (Spiegelman, Todd) (Entered: 01/24/2014) |
| 01/28/2014 | 31 | ORDER granting 30 Motion for Extension of Time to File Response/Reply. Ordered by Judge William F. Kuntz, II. (Brucella, Michelle) (Entered: 01/28/2014) |
| 02/10/2014 | 32 | Fully Briefed MOTION for Summary Judgment *or, in the alternative,*, Fully Briefed Motion to Dismiss for Failure to State a Claim by City of New York, New York City Department of Education, City of New York. (Attachments: # 1 Notice of Motion, # 2 Declaration of Chlarens Orsland in Support of City Defendants' Motion, # 3 Exhibit A (Orsland Decl.), # 4 Exhibit B (Orsland Decl.), # 5 Declaration of Jennifer Rosen, M.D., in Support of Motion, # 6 Rule 56.1 Statement (City Defendants), # 7 Memorandum in Support, # 8 Declaration of Patricia Finn in Opposition to Motion, # 9 Memorandum in Opposition, # 10 Memorandum in Support (City Defendants' Reply Memorandum)) Associated Cases: 1:12-cv-00098-WFK-LB, 1:12-cv-00237-WFK-LB, 1:13-cv-00791-WFK-LB (Orsland, Chlarens) (Entered: 02/10/2014) |
| 02/10/2014 | 33 | First MOTION to Dismiss *Plaintiffs' Amended Complaint (State Defendants' Fully Briefed Motion to Dismiss under Rules 12(b)(1) and 12(b)(6))* by Eric T. Schneiderman, Nirav R. Shah. (Attachments: # 1 Notice of Motion, # 2 Affidavit of Lynn Berger in Support of State Defendants' Motion, # 3 Declaration of Todd Spiegelman in Support of State Defendants' Motion, # 4 Ex. A to Spiegelman Decl., # 5 Ex. B to Spiegelman Decl., # 6 Memorandum in Support, # 7 Declaration of Service, # 8 Declaration of Patricia A. Finn in Opposition to Motion, # 9 Memorandum in Opposition, # 10 Reply Declaration of Todd Spiegelman in Further Support of State Defendants' Motion, # 11 Spiegelman Reply Decl. Ex. A, # 12 Reply Memo of Law, # 13 Declaration of Service.Reply) (Spiegelman, Todd) (Entered: 02/10/2014) |
| 03/03/2014 | 34 | CERTIFICATE OF SERVICE by Dina Check, Fabian Mendoza-Vaca, Nicole Phillips (Finn, Patricia) (Entered: 03/03/2014) |
| 03/13/2014 | 35 | DECISION AND ORDER: Plaintiff's Objection is overruled and this Court hereby ADOPTS Magistrate Judge Bloom's Report and Recommendation of September 11, 2013 in its entirety. Therefore, Plaintiff's Motion for a preliminary injunction is DENIED. Ordered by Judge William F. Kuntz, II on 3/12/2014. Associated Cases: 1:12-cv-00098-WFK-LB, 1:12-cv-00237-WFK-LB, 1:13-cv-00791-WFK-LB (Brucella, |

| | | |
|---|---|---|
| | | Michelle) (Entered: 03/13/2014) |
| 03/18/2014 | 36 | CERTIFICATE OF SERVICE by Dina Check, Fabian Mendoza-Vaca, Nicole Phillips *of Witness List* (Finn, Patricia) (Entered: 03/18/2014) |
| 04/01/2014 | 37 | CERTIFICATE OF SERVICE by Dina Check, Fabian Mendoza-Vaca, Nicole Phillips (Finn, Patricia) (Entered: 04/01/2014) |
| 05/29/2014 | 38 | First MOTION to Adjourn Conference */Trial* by Eric T. Schneiderman, Nirav R. Shah. (Spiegelman, Todd) (Entered: 05/29/2014) |
| 06/05/2014 | 39 | DECISION AND ORDER: Defendants' motions to dismiss are GRANTED and Plaintiffs' claims are dismissed in their entirety. Ordered by Judge William F. Kuntz, II on 6/4/2014. Associated Cases: 1:12-cv-00098-WFK-LB, 1:12-cv-00237-WFK-LB, 1:13-cv-00791-WFK-LB (Brucella, Michelle) (Entered: 06/05/2014) |
| 06/10/2014 | 40 | NOTICE OF APPEAL as to (53 in 1:13-cv-00791-WFK-LB, 53 in 1:13-cv-00791-WFK-LB, 53 in 1:13-cv-00791-WFK-LB, 39 in 1:12-cv-00098-WFK-LB, 39 in 1:12-cv-00098-WFK-LB, 39 in 1:12-cv-00098-WFK-LB, 28 in 1:12-cv-00237-WFK-LB, 28 in 1:12-cv-00237-WFK-LB, 28 in 1:12-cv-00237-WFK-LB) Order on Motion to Dismiss, Order on Motion for Summary Judgment, Order on Motion to Dismiss for Failure to State a Claim,,, by Dina Check, Fabian Mendoza-Vaca, Nicole Phillips. Filing fee $ 505, receipt number 0207-6984786. Appeal Record due by 9/8/2014. (Finn, Patricia) (Entered: 06/10/2014) |
| 06/10/2014 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 40 Notice of Appeal,, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 06/10/2014) |
| 06/10/2014 | | ORDER finding as moot 38 Motion to Adjourn Conference. So ordered by Judge William F. Kuntz, II on 6/10/2014. (Riley, Cliff) (Entered: 06/10/2014) |
| 06/19/2014 | 41 | MOTION for Reconsideration re 39 Order on Motion for Summary Judgment, Order on Motion to Dismiss for Failure to State a Claim,,,, by Dina Check, Fabian Mendoza-Vaca, Nicole Phillips. (Attachments: # 1 Declaration of Patricia Finn Esq., # 2 Memorandum of Law, # 3 Exh 1_Transcript of Julia Sykes Deposition, # 4 Exh 2_Shoenfeld Expert Report, # 5 Exh 3_NYC Discovery Docs) (Finn, Patricia) (Entered: 06/19/2014) |
| 06/20/2014 | 42 | DECISION AND ORDER: Plaintiffs' motion for reconsideration is DENIED. Ordered by Judge William F. Kuntz, II on 6/19/2014. (Brucella, Michelle) (Entered: 06/20/2014) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/25/2014 13:00:14 | | |
| **PACER Login:** pf0435 | **Client Code:** | |

https://ecf.nyed.uscourts.gov/cgi-bin/DktRpt.pl?404262262469133-L_1_0-1    **A-10**    10/11

| Description: | Docket Report | Search Criteria: | 1:12-cv-00098-WFK-LB |
|---|---|---|---|
| Billable Pages: | 8 | Cost: | 0.80 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED

ORIGINAL

IN CLERKS OFFICE
US DISTRICT COURT E.D.N.Y.

JAN 09 2012

BROOKLYN OFFICE

--------------------------------------X

NICOLE PHILLIPS, Individually and
on behalf of BP and SP, Minors,

Plaintiffs,

-against-

THE CITY OF NEW YORK,

Defendant.

--------------------------------------X

**NOTICE OF REMOVAL**

Case No. 11 Civ. _____

CV 12 - 098

KUNTZ, J.

LEVY, M.J.

TO:     **THE UNITED STATES DISTRICT COURT,
        EASTERN DISTRICT OF NEW YORK**

Defendant the City of New York, by and through its attorney, Michael A.
Cardozo, Corporation Counsel of the City of New York, respectfully shows this Court as
follows:

1.     On or about January 6, 2012, the New York City Law Department, Office
of the Corporation Counsel, accepted service of a Summons/Notice of Petition and Verified
Article 78 Petition in the above-entitled proceeding, filed in the Supreme Court of the State of
New York, County of Queens, under Index No. 11/125, naming the above captioned defendant
as a party in this proceeding. A copy of plaintiff's Summons/Notice of Petition and Verified
Article 78 Petition is annexed hereto as Exhibit "A."

2.     The above-captioned action is a civil action of which the District Court
has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises
under the Constitution and laws of the United States. This action is therefore removable to the
District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C.
§ 1441(b).

**A-12**

3.    Plaintiff brings this lawsuit claiming, <u>inter alia</u>, that defendants have violated the First, Ninth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. <u>See</u> Exhibit "A" ¶¶ 1-2, 33-45.

4.    This Notice of Removal is timely because it is being filed within thirty days (30) days of service of the initial pleading placing defendants on notice of the plaintiff's federal claims. <u>See</u> 28 U.S.C. § 1446(b).

5.    Defendant consents to removal of this action.

6.    Defendant City of New York will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, defendant respectfully requests that the above-captioned proceeding be removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

Dated:    New York, New York
          January 9, 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendant
100 Church Street, Room 2-192
New York, New York  10007
(212) 788-1165
thackwor@law.nyc.gov

By:    _____
       THADDEUS HACKWORTH
       Assistant Corporation Counsel

TO:    Jonathan M. Victor, Esq.
       *Attorney for Petitioner*
       Patricia Finn Attorney, P.C.
       450 Piermont Avenue
       Piermont, New York 10968

2

**A-13**

2011-042574

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------x

NICOLE PHILLIPS, Individually                          SUMMONS/NOTICE OF
and on behalf of BP and SP, Minors,                    PETITION

                       Petitioner,                Index No.: _____/2011

    -against-                                           Basis of Venue:
                                     Location where Acts Occurred
THE CITY OF NEW YORK;

                                            Date Filed:  December 7, 2011

                          Respondent.
FOR A JUDGMENT OF PROHIBITION
PURSUANT TO CPLR ARTICLE 78
------------------------------------------------------------------x

TO THE ABOVE-NAMED RESPONDENT:

      **PLEASE TAKE NOTICE THAT** YOU ARE HEREBY SUMMONED to answer the

Petition of Petitioner, and to serve a copy of your Response upon the undersigned Petitioner's

counsel, within twenty (20) days after service of the Petition, exclusively of the day of service or

within thirty (30) days after service is completed if this Summons is not personally delivered to

you within the State of New York.  Failure to appear will result in judgment being taken against

you by default for the relief demanded in the Petition.

    Dated: Piermont, New York
          December 5, 2011

                                   Yours, etc.,

                                   *Jonathan M. Victor*

                                   Jonathan M. Victor, Esq.
                                   Attorney for Petitioner
                                   Patricia Finn Attorney, P.C.
                                   450 Piermont Avenue
                                   Piermont, New York 10968
                                   Tel.: (845) 398-0521
                                   Fax: (888) 874-5703*
                                   patriciafinnattorney@gmail.com*

    *service of papers not accepted by fax or email without prior consent

**A-15**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------x
NICOLE PHILLIPS, Individually                          VERIFIED ARTICLE 78
and on behalf of BP and SP, Minors,                    PETITION

                      Petitioner,              Index No.: _____/2011

    -against-
                                           Hon. _____,
THE CITY OF NEW YORK;                                  J.S.C.

                     Respondent.
FOR A JUDGMENT OF PROHIBITION
PURSUANT TO CPLR ARTICLE 78
-------------------------------------------------------------------------x

       Petitioner, by and through her attorney, allege as follows:

**Nature of Action**

1)      This action involves constitutional and human rights violations stemming from a denial

of Petitioner's right to application of a religious exemption from otherwise-required vaccines

pursuant to New York State Public Health Law Section 2164(9), New York City and New York

State Human Rights laws, New York State Civil Rights Laws, and the First, Ninth, and

Fourteenth Amendments to the United States Constitution.  Respondent refused to permit

Petitioner's children to remain in its school without the vaccines otherwise required by New

York State Public Health Law Section 2164 even though Petitioner has sincerely and genuine

religious objections and her children should therefore be permitted to remain in school pursuant

to a religious exemption from vaccines under relevant statutory and constitutional law.

Petitioner claims that she and her family fall within the religious exemption provision of the

statute, and that Respondent is impermissibly, arbitrarily, unreasonably, and capriciously using

**A-16**

the applicable Chancellor's regulation in violating Petitioner's rights to the statutorily-provided exemption, in violation of the United States Constitution and the statute itself.

### Jurisdiction and Venue

2)    This case involves questions of law pursuant to the First, Ninth, and Fourteenth Amendments to the United States Constitution by way of 42 U.S.C. § 1983, as well as state Constitutional, statutory, and regulatory interpretation and preemption issues, giving the Supreme Court subject-matter jurisdiction.

3)    The City of New York is a duly-organized City situated in New York State, subjecting Respondent to general personal jurisdiction by this Court.

4)    All acts alleged against Respondent were committed in New York State, subjecting Respondent to personal jurisdiction by this Court.

5)    All acts alleged against Respondent were further committed in Queens County, making venue proper in Queens County.

### Parties

6)    Petitioner is a parent to minor children, including the two (2) designated in this proceeding, and during the events that gave rise to this Verified Petition and at all times hereinafter was domiciled as a citizen of the State of New York.

7)    Respondent enforces the regulation in concern, specifically New York City Chancellor's Regulation A-701(III)(A)(4)(c), that is alleged to be invalid and in any event improperly applied to the specific situation in question.

**A-17**

## Factual Allegations

8)      Petitioner has sincere and genuine religious beliefs contrary to vaccinating.  Said beliefs are imputed to all of her minor children, including the two (2) minor children named in this Petition.

9)      Petitioner applied for a religious exemption from Public School 188 in Queens, New York (hereinafter "School").

10)     Petitioner previously submitted a letter from their attorney to School that reflected and detailed said religious beliefs.

11)     Respondent previously approved the religious exemption from the otherwise-required vaccines.

12)     In November 2011, Petitioner's children were excluded from school because a classmate had the chicken pox.  This came after Petitioner's child, BP, had been excluded for over a month in the 2007-08 academic year.

13)     Janet Caraisco, Ed.D., Principal of School (hereinafter "Principal") claimed that she was acting under color of Chancellor's Regulation A-701(III)(A)(4)(c), covering exclusions during outbreaks of disease preventable by vaccination.

14)     The applicable regulation states in subsection (i), "Exclusions during Outbreaks of Diseases Preventable by Vaccination: The DOHMH has the right to require a school to exclude a student from the school if a student is granted either a medical or religious exemption and

**A-18**

another student in the school is diagnosed with a vaccine preventable disease (e.g., chickenpox, measles, mumps)."

15)    The regulation refers to "outbreaks," but upon information and belief, only one child was diagnosed with the chicken pox before Petitioner's child were excluded.

16)    Furthermore, New York State Public Health Law Section 2164 subsections (2), (7), and (9) provide as follows, in relevant part:

(2)    "Every person in parental relation to a child in this state shall have administered to such child an adequate dose or doses of an immunizing agent against poliomyelitis, mumps, measles, diphtheria, rubella, varicella, Haemophilus influenzae type b (Hib), pertussis, tetanus, pneumococcal disease, and hepatitis B, which meets the standards approved by the United States public health service for such biological products, and which is approved by the department under such conditions as may be specified by the public health council."

(7)    "No principal, teacher, owner or person in charge of a school shall permit any child to be admitted to such school without the certificate provided for in Subdivision 5 of this Section or some other acceptable evidence of the child's immunization against poliomyelitis, measles, diphtheria, rubella...."

(9)    "This section shall not apply to children whose parent, parents, or guardian hold genuine and sincere religious beliefs which are contrary to the practices herein required, and no certificate shall be required as a prerequisite to such children being admitted or received into school or attending school."

        Public Health Law § 2164.

**A-19**

17) The New York Public Health statute never mentions the ability of schools to exclude children who receive the religious exemption, indicating field preemption that would invalidate Respondent's regulation.

18) Petitioner holds faith in a belief system contrary to the above-mentioned statutory requirements in Public Health Law Section (2) and (7), thereby bringing Petitioner within the statutory religious exemption set forth in Public Health Law Section 2164(9) and guaranteeing the exemption.

19) Petitioner's children were excluded from school, under the guide of an "outbreak," pursuant to the Chancellor's Regulation at issue.

20) As a result of the above-mentioned sincere and genuine religious beliefs contrary to vaccinating, Petitioner does not intend to have her children vaccinated. Thus future exclusions of their children from school are likely as well.

**FIRST CAUSE OF ACTION**

(Violation of New York State Public Health Law Section 2164(9))

21) Petitioner reiterates and restates the allegations in the Verified Complaint's previous paragraphs and incorporates them therein.

22) Respondent, by and through its agents, servants and employees have violated New York State Public Health Law Section 2164, applying it in an incorrect manner, and attempting to deprive Petitioner of her statutory right to a religious exemption from vaccines for school admission.

**A-20**

23) Petitioner has set forth a valid basis of religious beliefs contrary to vaccinating, entitling her family to an unconditional religious exemption from vaccines.

24) The state statute fails to provide for excluding children from school under any circumstances, preempting the field for vaccine exemptions and prohibiting regulations such as the local Chancellor's Regulation in question.

25) Therefore, it is respectfully submitted that the statute intends to preempt the Chancellor's Regulation, which claims to permit removal of students from schools during "outbreaks."

26) Respondent has therefore unlawfully violated Petitioner's rights to the continuous application of a religious vaccine exemption due to an impermissible exclusion of Petitioner's children by an improper application of the statute.

27) Based upon the foregoing, Respondent has improperly applied the New York statute to Petitioner's situation.

## SECOND CAUSE OF ACTION

(Improper Application of New York City Chancellor's Regulation A-701(III)(A)(4)(c))

28) Petitioner reiterates and restates the allegations in the Verified Complaint's previous paragraphs and incorporates them therein.

29) The Chancellor's Regulation claims to permit exclusion of students from school during an "outbreak" of a supposedly "vaccine preventable illness." *See* New York City New York City Administrative Code § A-701 (4)(c).

**A-21**

30)     Principal informed Petitioner of, upon information and belief, only a single case of the chicken pox within School.

31)     It is respectfully submitted that a single case of an illness is not an "outbreak."

32)     Based upon the foregoing, Respondent has improperly applied the New York City Chancellor's regulation to Petitioner's situation.

## THIRD CAUSE OF ACTION

(Impermissible Burdening of Free Exercise of Religion in Violation of United States Constitution-First and Fourteenth Amendment Rights, New York State Constitution Article I,

Section 3)

33)     Petitioner reiterates and restates the allegations in the Verified Petition's previous paragraphs and incorporates them therein.

34)     Respondent has arbitrarily, capriciously and unreasonably denied Petitioner the right to free exercise of her religion, as she was forced to keep her children from school as a result of her religious beliefs.

35)     The actions of Respondents have resulted in a denial of Petitioner's rights to freedom of religion in violation of the First Amendment of the United States Constitution under the Free Exercise clause, made applicable to state and local government entities through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**A-22**

36)     Based upon the foregoing, Respondent has violated Petitioner's Free Exercise Rights

pursuant to the First and Fourteenth Amendments of the United States Constitution, and Article

I, Section 3 of the New York State Constitution.

## FOURTH CAUSE OF ACTION

(Violation of the Ninth and Fourteenth Amendment Rights of the United States Constitution,)

37)     Petitioner reiterates and restates the allegations in the Verified Petition's previous

paragraphs and incorporates them therein.

38)     The Ninth Amendment guarantees individual rights and personal liberties, such as actions

taken with an individual's body.

39)     Respondent has arbitrarily, capriciously, and unreasonably denied Petitioner's right to

send her children to school pursuant to her family's religious exemption from vaccines.

40)     Based upon the foregoing, Respondent is liable within this cause of action for violation of

federal constitutional rights pursuant the United States Constitution's Ninth and Fourteenth

Amendments.

## FIFTH CAUSE OF ACTION

(Violation of United States Constitution's Fourteenth Amendment's Substantive Due Process

and Equal Protection Clauses)

41)     Petitioner reiterates and restates the allegations in the Verified Petition's previous

paragraphs and incorporates them therein.

**A-23**

42) The Fourteenth Amendment to the United States Constitution also guarantees unenumerated rights through substantive Due Process, and equal application of the laws toward individuals through the Equal Protection Clause.

43) In applying New York State's vaccine exemption statute, Respondent has acted under color of state law, depriving Petitioner and her childr3n of a fundamental right to refuse medical intervention involving the children's bodies.

44) Furthermore, Respondent has treated Petitioner's children differently from all other students, who are similarly situated by virtue of going to the same school as Petitioner's children.

45) Based upon the foregoing, Respondent is liable within this cause of action for violation of federal constitutional rights pursuant to the Substantive Due Process Clause and the Equal Protection Clause of the United States Constitution's Fourteenth Amendment.

## SIXTH CAUSE OF ACTION

(Violation of New York State Civil Rights Law Section 40-c and New York State Executive Law Section 296)

46) Petitioner reiterates and restates the allegations in the Verified Petition's previous paragraphs and incorporates them therein.

47) Respondent declined to honor the religious exemption from vaccination as a prerequisite to attending school in November 2011.

48) Such actions by Respondent results in an impermissible classification or discrimination based on Petitioner's religion.

**A-24**

Dated: Piermont, New York
      December 5, 2011

                                    Jonathan M. Victor, Esq.
                                    Attorney for Petitioner
                                    Patricia Finn Attorney, P.C.
                                    450 Piermont Avenue
                                    Piermont, New York 10968
                                    Tel.: (845) 398-0521
                                    Fax: (888) 874-5703
                                    patriciafinnattorney@gmail.com

To:
City of New York
c/o Corporation Counsel, Room 6-140
100 Church Street
New York, NY 10007-2601
Tel.: (212) 788-0303
Fax: (212) 788-0367

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------x
NICOLE PHILLIPS, Individually              VERIFICATION OF
and on behalf of BP and SP, Minors,         ARTICLE 78 PETITION

                              Petitioner,   Index No.: _____ /2011

          -against-

                                            Hon. _____
THE CITY OF NEW YORK;                       J.S.C.

                              Respondent.

FOR A JUDGMENT OF PROHIBITION
PURSUANT TO CPLR ARTICLE 78
------------------------------------------------x

STATE OF _NEW YORK_ :
                          :ss
COUNTY OF _NASSAU_ :

        NICOLE PHILLIPS, being duly sworn and deposed, states that she is Petitioner in this
proceeding and to the truth of the allegations in the Petition upon personal knowledge or where
no personal knowledge upon information and belief.

                                            _____
                                            Ms. Nicole Phillips, Petitioner

Sworn to and subscribed by me this 5th day of December, 2011.

_____
Notary Public

            DOMINIC ORESTE
      Notary Public, State of New York
            No. 30-01OR4755218
         Qualified in Nassau County
      Commission Expires March 30, 2015

**A-26**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------------X

NICOLE PHILLIPS, Individually
and on behalf of BP and SP, Minors,

Index No._____/2011

Petitioner,

Hon._____,

-against-

J.S.C.

THE CITY OF NEW YORK,

Respondent.

FOR A JUDGMENT OF PROHIBITION
PURSUANT TO CPLR ARTICLE 78

-------------------------------------------------------------------------X

## VERIFIED ARTICLE 78 PETITION

**Jonathan M. Victor, Esq.**
**Attorney for Petitioner**
**Patricia Finn Attorney, P.C.**
**450 Piermont Avenue**
**Piermont, New York 10968**
**Tel.: (845) 398-0521**
**Fax: (888) 874-5703**
**patriciafinnattorney@gmail.com**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*
*Dated*: December 5, 2011     *Signature*:_____
     *Print Signer's Name*:_____ Jonathan M. Victor, Esq.

Dated: December 5, 2011

Attorney for Petitioner:     Jonathan M. Victor, Esq
     Patricia Finn Attorney. P.C.
     450 Piermont Avenue
     Piermont, New York 10968
     Tel.: (845) 398-0521
     Fax: (888) 874-5703
     patriciafinnattorney@gmail.com

To: Respondent:     City of New York
     c/o Corporation Counsel
     Room 6-140
     100 Church Street
     New York, NY 10007-2601
     Tel.: (212) 788-0303
     Fax: (212) 788-0367

## DECLARATION OF SERVICE

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that on January 9, 2012, I served a true and correct copy of the attached Notice of Removal on the party listed below by first class mail.

Jonathan M. Victor, Esq.
*Attorney for Petitioner*
Patricia Finn Attorney, P.C.
450 Piermont Avenue
Piermont, New York 10968

Dated:     New York, New York
           January 9, 2012

THADDEUS HACKWORTH
Assistant Corporation Counsel

**A-28**

JS 44 (Rev. 12/2007)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

NICOLE PHILLIPS, individually and on behalf of B.P. and S.P., minors

**DEFENDANTS**

THE CITY OF NEW YORK

**12 19 098**

**(b)** County of Residence of First Listed Plaintiff  Queens
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  New York
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jonathan M. Victor, Esq., PATRICIA FINN ATTORNEY, P.C., 450
Piermont Ave., Piermont, NY 10968

Attorneys (If Known)

Thaddeus Hackworth, Esq., OFFICE OF THE CORPORATION
COUNSEL, 100 Church St. Rm. 2-192, New York, NY 10007

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 09 2012 ★
BROOKLYN OFFICE

KUNTZ, J.

LEVY M.J.

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1983

Brief description of cause:
Violation of First Amendment Free Exercise Clause

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE
01/09/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## A-29

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, _Thaddeus Hackworth_____, counsel for _the City of New York_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐    monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☒    the complaint seeks injunctive relief,

☐    the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? No._____

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No._____

b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes._____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☒    Yes                    ☐    No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐    Yes    (If yes, please explain)    ☒    No

I certify the accuracy of all information provided above.

Signature: _____

# A-30

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 1 9 2012 ★

BROOKLYN OFFICE

------------------------------------X

FABIAN MENDOZA-VACA,
Individually and on behalf of MM
and VM, Minors,

**NOTICE OF REMOVAL**

Plaintiffs, Case No. 12 Civ. _____

-against-

**CV12 - 237**

THE CITY OF NEW YORK,

Defendant.     JOHNSON ₂

------------------------------------X

LEVY, M.J.

**TO:    THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK**

Defendant the City of New York, by and through its attorney, Michael A.
Cardozo, Corporation Counsel of the City of New York, respectfully shows this Court as
follows:

1.     On or about January 17, 2012, the New York City Law Department,
Office of the Corporation Counsel, received a Verified Article 78 Petition in the above-entitled
proceeding, filed in the Supreme Court of the State of New York, County of Queens, under
Index No. 1027/2012, naming the above captioned defendant as a party in this proceeding. A
copy of plaintiff's Verified Article 78 Petition is annexed hereto as Exhibit "A."

2.     The above-captioned action is a civil action of which the District Court
has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises
under the Constitution and laws of the United States. This action is therefore removable to the
District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C.
§ 1441(b).

3.     Plaintiff brings this lawsuit claiming, inter alia, that defendants have violated the First, Ninth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. See Exhibit "A" ¶¶ 1-2, 32-44.

4.     This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading placing defendants on notice of the plaintiff's federal claims. See 28 U.S.C. § 1446(b).

5.     Defendant consents to removal of this action.

6.     Defendant City of New York will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE,** defendant respectfully requests that the above-captioned proceeding be removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

Dated:     New York, New York
           January 18, 2012

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                          City of New York
                          Attorney for Defendant
                          100 Church Street, Room 2-192
                          New York, New York 10007
                          (212) 788-1165
                          thackwor@law.nyc.gov

By:     _____

                          THADDEUS HACKWORTH
                          Assistant Corporation Counsel

TO:     Jonathan M. Victor, Esq.
        *Attorney for Petitioner*
        Patricia Finn Attorney, P.C.
        450 Piermont Avenue
        Piermont, New York 10968

2

**A-32**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------------X

FABIAN MENDOZA-VACA, Individually
and on behalf of MM and VM, Minors,

                                      Petitioner,

       -against-

THE CITY OF NEW YORK,

                                    Respondent.

FOR A JUDGMENT OF PROHIBITION PURSUANT
TO CPLR ARTICLE 78

-----------------------------------------------------------------------X

                             VERIFIED ARTICLE 78
                             PETITION

                             Index No.: ___/2012

                             Hon. _____,
                             J.S.C.

Petitioner, by and through his attorney, alleges as follows:

### Nature of Action

1).    This action involves constitutional and human rights violations stemming from a denial of Petitioner's right to application of a religious exemption from otherwise-required vaccines pursuant to New York State Public Health Law Section 2164(9), New York City and New York State Human Rights laws, New York State Civil Rights Laws, and the First, Ninth, and Fourteenth Amendments to the United States Constitution. Respondent refused to permit Petitioner's children to remain in its school without the vaccines otherwise required by New York State Public Health Law Section 2164 even though Petitioner has sincerely and genuine religious objections and his children should therefore be permitted to remain in school pursuant to a religious exemption from vaccines under relevant statutory and constitutional law. Petitioner claims that he and his family fall within the religious exemption provision of the statute, and that Respondent is impermissibly, arbitrarily, unreasonably, and capriciously using

the applicable Chancellor's regulation in violating Petitioner's rights to the statutorily-provided exemption, in violation of the United States Constitution and the statute itself.

## Jurisdiction and Venue

2)    This case involves questions of law pursuant to the First, Ninth, and Fourteenth Amendments to the United States Constitution by way of 42 U.S.C. § 1983, as well as state Constitutional, statutory, and regulatory interpretation and preemption issues, giving the Supreme Court subject-matter jurisdiction.

3)    The City of New York is a duly-organized City situated in New York State, subjecting Respondent to general personal jurisdiction by this Court.

4)    All acts alleged against Respondent were committed in New York State, subjecting Respondent to personal jurisdiction by this Court.

5)    All acts alleged against Respondent were further committed in Queens County, making venue proper in Queens County.

## Parties

6)    Petitioner is a parent to minor children, including the two (2) designated in this proceeding, and during the events that gave rise to this Verified Petition and at all times hereinafter was domiciled as a citizen of the State of New York.

7)    Respondent enforces the regulation in concern, specifically New York City Chancellor's Regulation A-701 (III)(A)(4)(c), that is alleged to be invalid and in any event improperly applied to the specific situation in question.

**A-35**

## Factual Allegations

8)     Petitioner has sincere and genuine religious beliefs contrary to vaccinating. Said beliefs are imputed to all of his minor children, including the two (2) minor children named in this Petition.

9)     Petitioner applied for a religious exemption from Public School 107Q in Queens, New York (hereinafter "School").

10)    Petitioner previously submitted a letter from their attorney to School that reflected and detailed said religious beliefs.

11)    Respondent previously approved the religious exemption from the otherwise-required vaccines.

12)    In January 2012, Petitioner received notice that his children would be excluded from school because a classmate had the chicken pox.

13)    The applicable regulation states in subsection (i), "Exclusions during Outbreaks of Diseases Preventable by Vaccination: The DOHMH has the right to require a school to exclude a student from the school if a student is granted either a medical or religious exemption and another student in the school is diagnosed with a vaccine preventable disease (e.g., chickenpox, measles, mumps)."

14)    The regulation refers to "outbreaks," but upon information and belief, only one child was diagnosed with the chicken pox before Petitioner's child was excluded.

**A-36**

15)    Furthermore, New York State Public Health Law Section 2164 subsections (2), (7), and
(9) provide as follows, in relevant part:

(2)    "Every person in parental relation to a child in this state shall have administered to such
child an adequate dose or doses of an immunizing agent against poliomyelitis, mumps,
measles, diphtheria, rubella, varicella, Haemophilus influenzae type b (Hib), pertussis,
tetanus, pneumococcal disease, and hepatitis B, which meets the standards approved by the
United States public health service for such biological products, and which is approved by the
department under such conditions as may be specified by the public health council."

(7)    "No principal, teacher, owner or person in charge of a school shall permit any child to be
admitted to such school without the certificate provided for in Subdivision 5 of this Section or
some other acceptable evidence of the child's immunization against poliomyelitis, measles,
diphtheria, rubella...."

(9)    "This section shall not apply to children whose parent, parents, or guardian hold genuine
and sincere religious beliefs which are contrary to the practices herein required, and no
certificate shall be required as a prerequisite to such children being admitted or received into
school or attending school."

    Public Health Law § 2164.

16)    The New York Public Health statute never mentions the ability of schools to exclude
children who receive the religious exemption, indicating field preemption that would invalidate
Respondent's regulation.

**A-37**

17)    Petitioner holds faith in a belief system contrary to the above-mentioned statutory requirements in Public Health Law Section (2) and (7), thereby bringing Petitioner within the statutory religious exemption set forth in Public Health Law Section 2164(9) and guaranteeing the exemption.

18)    Petitioner's children were excluded from school, under the guide of an "outbreak," pursuant to the Chancellor's Regulation at issue.

19)    As a result of the above-mentioned sincere and genuine religious beliefs contrary to vaccinating, Petitioner does not intend to have his children vaccinated.  Thus future exclusions of their children from school are likely as well.

## FIRST CAUSE OF ACTION

(Violation of New York State Public Health Law Section 2164(9))

20)    Petitioner reiterates and restates the allegations in the Verified Petition's previous paragraphs and incorporates them therein.

21)    Respondent, by and through its agents, servants and employees have violated New York State Public Health Law Section 2164, applying it in an incorrect manner, and attempting to deprive Petitioner of his statutory right to a religious exemption from vaccines for school admission.

22)    Petitioner has set forth a valid basis of religious beliefs contrary to vaccinating, entitling his family to an unconditional religious exemption from vaccines.

**A-38**

23) The state statute fails to provide for excluding children from school under any circumstances, preempting the field for vaccine exemptions and prohibiting regulations such as the local Chancellor's Regulation in question.

24) Therefore, it is respectfully submitted that the statute intends to preempt the Chancellor's Regulation, which claims to permit removal of students from schools during "outbreaks."

25) Respondent has therefore unlawfully violated Petitioner's rights to the continuous application of a religious vaccine exemption due to an impermissible exclusion of Petitioner's children by an improper application of the statute.

26) Based upon the foregoing, Respondent has improperly applied the New York statute to Petitioner's situation.

### SECOND CAUSE OF ACTION

(Improper Application of New York City Chancellor's Regulation A-701(III)(A)(4)(c))

27) Petitioner reiterates and restates the allegations in the Verified Petition's previous paragraphs and incorporates them therein.

28) The Chancellor's Regulation claims to permit exclusion of students from school during an "outbreak" of a supposedly "vaccine preventable illness." *See* New York City New York City Administrative Code § A-701 (4)(c).

29) School informed Petitioner of, upon information and belief, only a single case of the chicken pox within School.

30) It is respectfully submitted that a single case of an illness is not an "outbreak."

**A-39**

31) Based upon the foregoing, Respondent has improperly applied the New York City Chancellor's regulation to Petitioner's situation.

## THIRD CAUSE OF ACTION

(Impermissible Burdening of Free Exercise of Religion in Violation of United States Constitution-First and Fourteenth Amendment Rights, New York State Constitution Article I,

Section 3)

32) Petitioner reiterates and restates the allegations in the Verified Petition's previous paragraphs and incorporates them therein.

33) Respondent has arbitrarily, capriciously and unreasonably denied Petitioner the right to free exercise of his religion, as he was forced to keep his children from school as a result of his religious beliefs.

34) The actions of Respondents have resulted in a denial of Petitioner's rights to freedom of religion in violation of the First Amendment of the United States Constitution under the Free Exercise clause, made applicable to state and local government entities through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

35) Based upon the foregoing, Respondent has violated Petitioner's Free Exercise Rights pursuant to the First and Fourteenth Amendments of the United States Constitution, and Article I, Section 3 of the New York State Constitution.

## FOURTH CAUSE OF ACTION

(Violation of the Ninth and Fourteenth Amendment Rights of the United States Constitution,)

**A-40**

36)   Petitioner reiterates and restates the allegations in the Verified Petition's previous paragraphs and incorporates them therein.

37)   The Ninth Amendment guarantees individual rights and personal liberties, such as actions taken with an individual's body.

38)   Respondent has arbitrarily, capriciously, and unreasonably denied Petitioner's right to send his children to school pursuant to his family's religious exemption from vaccines.

39)   Based upon the foregoing, Respondent is liable within this cause of action for violation of federal constitutional rights pursuant the United States Constitution's Ninth and Fourteenth Amendments.

### FIFTH CAUSE OF ACTION

(Violation of United States Constitution's Fourteenth Amendment's Substantive Due Process and Equal Protection Clauses)

40)   Petitioner reiterates and restates the allegations in the Verified Petition's previous paragraphs and incorporates them therein.

41)   The Fourteenth Amendment to the United States Constitution also guarantees unenumerated rights through substantive Due Process, and equal application of the laws toward individuals through the Equal Protection Clause.

42)   In applying New York State's vaccine exemption statute, Respondent has acted under color of state law, depriving Petitioner and his children of a fundamental right to refuse medical intervention involving the children's bodies.

**A-41**

43)     Furthermore, Respondent has treated Petitioner's children differently from all other students, who are similarly situated by virtue of going to the same school as Petitioner's children.

44)     Based upon the foregoing, Respondent is liable within this cause of action for violation of federal constitutional rights pursuant to the Substantive Due Process Clause and the Equal Protection Clause of the United States Constitution's Fourteenth Amendment.

## SIXTH CAUSE OF ACTION

(Violation of New York State Civil Rights Law Section 40-c and New York State Executive Law Section 296)

45)     Petitioner reiterates and restates the allegations in the Verified Petition's previous paragraphs and incorporates them therein.

46)     Respondent declined to honor the religious exemption from vaccination as a prerequisite to attending school in November 2011.

47)     Such actions by Respondent results in an impermissible classification or discrimination based on Petitioner's religion.

48)     Thus, Respondent is liable to Petitioner for violation of the relevant provisions of New York State Civil Rights Law Section 40-c and New York State Executive Law Section 296.

## SEVENTH CAUSE OF ACTION

(Violation of New York City Human Rights Law, Chapter 1, Section 8-107 (4))

49)     Petitioner reiterates and restates the allegations in the Verified Petition's previous

paragraphs and incorporates them therein.

50)     Respondent declined to honor the religious exemption from vaccination as a prerequisite

to attending school in November 2011.

51)     Such actions by Respondent results in an impermissible classification or discrimination

based on Petitioner's religion.

52)     Thus, Respondent is liable to Petitioner for violation of New York City Human Rights

Law, Chapter 1, Section 8-107 (4).

        WHEREFORE, Petitioner respectfully requests the following relief to be awarded by this

Court:

(a)     An invalidation of New York City Chancellor's Regulation A-701(III)(A)(4)(c) based

statutory preemption grounds, federal constitutional grounds, or both, or in the alternative, that

the Regulation was improperly applied;

(b)     Costs, disbursements, and attorney's fees to the extent allowable by law; and

(c)     Such other, different, and further relief this Court may deem just and proper.

Dated: Piermont, New York
        January 16, 2012

                                        _____
                                        Jonathan M. Victor, Esq.
                                        Attorney for Petitioner
                                        Patricia Finn Attorney, P.C.
                                        450 Piermont Avenue
                                        Piermont, New York 10968
                                        Tel.: (845) 398-0521
                                        Fax: (888) 874-5703

**A-43**

**A-44**

PUBLIC SCHOOL 107Q
THE THOMAS DOOLEY SCHOOL
*167-02 45th Avenue*
*Flushing, New York 11358*
*(718)- 762-5995- Tel*
*(718) -461-4989-'Fax*

*CONVERSATIONS, CELEBRATIONS and achieving COMPETENCIES!*

James S. Phair
Principal

Patricia Howell
Assistant Principal

January 10, 2012

Dear Parent/Guardian of:    **Maribel Mendoza – Class 2-303**
                            **Victor Mendoza – Class K-218**

Due to your sincere religious beliefs, your children are exempt from vaccination.

However, effective Friday, January 13, 2012 through Thursday, January 26, 2012, your children will be excluded from school due to a child/children having Chicken Pox.

*The NYC Department of Health and Mental Hygiene has the right to <u>exclude</u> students from school if a student is granted either a medical or religious exemption and another student in the school is diagnosed with a vaccine preventable disease (e.g., chickenpox, measles, mumps).*

Your children may return to 25Q107 <u>on Friday, January 27, 2012.</u>

Thank you for your cooperation in this matter.

Sincerely,

James S. Phair
Principal

/hl

File: Medical Exemptions

**A-45**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
FABIAN MENDOZA-VACA, Individually                    VERIFICATION OF
and on behalf of MM and VM, Minors,                  ARTICLE 78 PETITION

                          Petitioner,

        -against-                                  Index No.: _____/2012

THE CITY OF NEW YORK,                                Hon. _____,
                                                     J.S.C.
                      Respondent.

FOR A JUDGMENT OF PROHIBITION PURSUANT
TO CPLR ARTICLE 78
-------------------------------------------------------------------X
STATE OF NEW YORK     :
                    :ss
COUNTY OF QUEENS    :

      FABIAN MENDOZA-VACA, being duly sworn and deposed, states that he is Petitioner

in this proceeding and to the truth of the allegations in the Verified Article 78 Proceeding upon

personal knowledge or where no personal knowledge upon information and belief.

                                     _____
                                     Fabian Mendoza-Vaca, Petitioner

Sworn to and subscribed by me January 16, 2012.

_____
Notary Public

**CV12- 237**

JS 44  (Rev. 12/2007)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| FABIAN MENDOZA-VACA, Individually and on behalf of MM and VM, Minors | THE CITY OF NEW YORK |

**(b)** County of Residence of First Listed Plaintiff   Queens
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**NO SUMMONS ISSUED**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 19 2012 ★
BROOKLYN OFFICE

JOHNSON, J

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jonathan M. Victor, Esq., PATRICIA FINN ATTORNEY P.C., 450 Piermont Ave., Piermont, NY 10968

Attorneys (If Known)
Thaddeus Hackworth, Esq., OFFICE OF THE CORPORATION COUNSEL, 100 Church St. Rm. 2-192, New York, NY 10007

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1983
Brief description of cause:
Violation of First Amendment Free Exercise Clause

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):
JUDGE  WILLIAM F. KUNTZ II    DOCKET NUMBER  12-CV-098

DATE
01/18/2012

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE  SJ    MAG. JUDGE  RML

12CV237

**A-48**

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, Thaddeus Hackworth         , counsel for the City of New York        , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐        monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☒        the complaint seeks injunctive relief,

☐        the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

n/a

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: No.

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No.

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes.

If your answer to question 2 (b) is "No", does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
        ☒    Yes                              ☐    No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
        ☐    Yes    (If yes, please explain)    ☒    No

I certify the accuracy of all information provided above.

Signature: 

**A-49**

### DECLARATION OF SERVICE

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that on January

18, 2012, I served a true and correct copy of the attached Notice of Removal on the party listed

below by first class mail.

Jonathan M. Victor, Esq.
*Attorney for Petitioner*
Patricia Finn Attorney, P.C.
450 Piermont Avenue
Piermont, New York 10968

Dated:        New York, New York
              January 18, 2012

THADDEUS HACKWORTH
Assistant Corporation Counsel

**A-50**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
-------------------------------------------------------------------X
DINA CHECK, on behalf of Minor MC,             ORDER TO SHOW CAUSE

                      Plaintiff,           Docket No. 13-CIV-_____-
                                    _____-_____

   -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,    Hon. _____,
                                      U.S.D.J.

                   Defendant.        Hon. _____,
                                      U.S.M.J.
-------------------------------------------------------------------X

      Upon the Verified Complaint of Plaintiff, Attorney Affirmation, Affidavit of Plaintiff,

Plaintiff's Memorandum of Law, all prior papers and proceedings that have occurred, and good

cause being shown therefore;

      IT IS HEREBY ORDERED that Defendant show cause before this Court at Room/Part

_____, United States District Court for the Eastern District of New

York, 225 Cadman Plaza East Brooklyn, NY 11201, on February _____, 2013 at _____am /

pm, **appearances required**, or as soon thereafter as counsel can be heard why an Order should

not be entered preliminarily requiring Defendant during the pendency of this action to permit

Plaintiff to register her minor children and send her minor children to its schools.

      IT IS FURTHER ORDERED that pending a determination on the merits, a Temporary

Restraining Order is hereby granted restraining Defendant from precluding Plaintiff from

registering her minor children for or sending her children to its schools.

      IT IS FURTHER ORDERED, that Defendant's papers, if any, in opposition to Plaintiff's

application for a Preliminary Injunction shall be filed electronically in accordance with the

**A-51**

Federal Rules, and served on Plaintiff's counsel, on or before February _____, 2013, and Plaintiff's Reply papers, if any, shall be served on Defendant 's counsel on or before the return date of this application.

      IT IS FURTHER ORDERED that service of a copy of this Order to Show Cause shall be sufficient if served on the Defendant or its counsel, on or before February _____, 2013, by facsimile and regular mail.

Dated:        Brooklyn, New York
            February _____, 2013        E    N    T    E    R

                                   _____

                                   Hon. _____, U.S.D.J

2

**A-52**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
------------------------------------------------------------------X
DINA CHECK, on behalf of Minor MC,                    VERIFIED COMPLAINT

                          Plaintiff,          Docket No. 13-CIV-_____-
                                        _____-_____

   -against-
                                       Hon. _____,
NEW YORK CITY DEPARTMENT OF EDUCATION,               U.S.D.J.

                        Defendant.          Hon. _____,
                                       U.S.M.J.
------------------------------------------------------------------X
     Plaintiff, by and through her attorney, alleges as follows:

## Nature of Action

1)    This action involves constitutional and human rights violations and a breach of contract stemming from a denial of Plaintiff's right to a medical exemption from otherwise-required vaccines pursuant to New York State Public Health Law Section 2164(8), religious exemption from otherwise-required vaccines pursuant to New York State Public Health Law Section 2164(9), New York City and New York State Human Rights laws, and the First, Ninth, and Fourteenth Amendments to the United States Constitution. Defendant refused to admit Plaintiff's daughter to their school without the vaccines otherwise required by New York State Public Health Law Section 2164 even though Plaintiff's daughter previously obtained a religious exemption from vaccines and has sincere and genuine religious objections. Plaintiff claims that her daughter qualifies for either or both exemptions and that Defendant is impermissibly, arbitrarily, unreasonably, and capriciously violating Plaintiff's rights to the statutorily-provided exemption, in violation of the United States Constitution and other laws.

1

**A-53**

## Jurisdiction and Venue

2) This case involves questions of law pursuant to the First, Ninth, and Fourteenth Amendments to the United States Constitution by way of 42 U.S.C. § 1983, providing federal question subject-matter jurisdiction under 28 U.S.C. § 1331. The Court has subject-matter jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

3) Defendant is situated in New York State, resulting in personal jurisdiction by this court.

4) The majority of events that gave rise to this action occurred in Richmond County making venue and division proper.

## Parties

5) Plaintiff was at all times hereinafter domiciled as a citizen of the State of New York.

6) Defendant is a public education department duly organized under the laws of the State and city of New York.

## Factual Allegations

7) On or about September 2010, Plaintiff's daughter started school at a YMCA education program and Plaintiff had requested a religious exemption pursuant to New York State Public Health Law Section 2164(8) and (9).

8) The school program's director, Allison Sicuranza informed Plaintiff of the documents required in order to apply for the religious exemption and Plaintiff complied, submitting such documentation. *See Exhibit 1, NYSED Request for Religious Exemption to Immunization Form, Parent/Guardian Statement.*

2

**A-54**

9) Plaintiff understood that the religious exemption was granted, and the infant plaintiff attended school throughout the 2010-2011 and the 2011-2012 academic school year without being immunized due to the family's sincerely held religious beliefs.

10) Plaintiff is a practicing Roman Catholic.

11) Plaintiff opposes vaccines on religious grounds, one important reason being that life is a gift from God and the body is a marvelous work of divine creation to be reverenced as a temple of God. To inject invasive and unnatural substances into this divine creation is showing a lack of faith in God and His way. *See Exhibits 1-4, NYSED Request for Religious Exemption to Immunization Form, Parent/Guardian Statement, Undated Letter from Dina and Andrew Check, October 26, 2012 Letter from Dina and Andrew Check and Andrew and Dina Check's Statement of Beliefs.*

12) In addition to the family's religious beliefs in opposition to immunizing, plaintiff's daughter has serious medical issues that prevent her from being immunized.

13) On or about December 2011, plaintiff's daughter's medical condition severely worsened. Subsequently, plaintiff's daughter's pediatrician, Dr. Michael Gabriel stated that it would be medically dangerous for plaintiff's daughter to receive further vaccines until tests were run and the child was seen by specialists including a gastrointestinal specialist and an immunologist. The doctor then provided plaintiff with a medical exemption from immunizations for her child. *See Exhibit 5, Medical Request for Immunization Exemption signed by Dr. Michael Gabriel on March 7, 2012.*

14) Dr. Gabriel also prescribed special medication, including digestive enzymes which the child had to take before she ingested any foods. At this same visit, the pediatrician filled out the physician form related to the child's 504 plan that was to be submitted to the school nurse so that the nurse could administer this medication during the school day.

15) Further, plaintiff was instructed by the district to have her daughter's pediatrician fill out the medical form which accompanied the 504 plan and to have these documents submitted to the school prior to the start of the school year so that the school nurse would have an understanding of the child's health care needs and could approve of the prescribed medications.

16) Plaintiff was not seeking a medical exemption as her daughter had already been granted a religious exemption two years prior.

17) Due to a clerical error by the school nurse, the medical paperwork was submitted as an application for a medical exemption to the Defendant's Health Department without plaintiff's knowledge or consent.

18) Nonetheless, Defendant found that Plaintiff's daughter's medical condition was insufficient for a medical exemption, contrary to the recommendation and medical exemption provided by the child's pediatrician, Dr. Michael Gabirel. Defendant. arbitrarily, unreasonably, and capriciously denying the medical exemption. *See Exhibit 6. October 18, 2012 Letter from Julia Sykes, Denying Medical Exemption.*

19) Upon receiving notice of the denial of the medical exemption, Plaintiff was confused as her daughter had already been receiving the prescribed medications during the school

4

day. Plaintiff's understanding of the medical exemption which accompanied the 504 plan was that the medical exemption from the pediatrician was to be used for the sole purpose of having the school nurse administer the medications to her daughter during the school day.

20) Since plaintiff had obtained a religious exemption for her child using the New York State Request for Religious Exemption Form and since her religious beliefs have not changed there was no reasonable basis to arbitrarily deny the existing religious exemption simply because of the change in the child's medical condition.

21) After receiving the denial of the medical exemption, plaintiff discussed with the principal, Melissa Garafolo, that she had already obtained a religious exemption pursuant to NYS PHL 2164(9) and that the her daughter had attended a New York City School with a religious exemption from immunizations for the last two years.

22) On or about September 2012, plaintiff then submitted to Principal Garafalo a request for a religious exemption from immunizations based on the same sincerely held religious beliefs pursuant to which the exemption was granted in 2010. *See Exhibit 2, Undated Letter from Dina and Andrew Check.*

23) Upon information and belief, although plaintiff had submitted to the school her request for a religious exemption in September 2012, said application for a religious exemption was not forwarded to the NYC Health Department by school administration until October 21, 2012. This request was subsequently denied 24 hours later in a letter wherein additional information was required. *Exhibit 7, October 22, 2012 Letter from Julia Sykes requesting additional information.*

5

**A-57**

24) Upon information and belief the request for a religious exemption had been in the child plaintiff's file since September 2012, however, was not submitted by school administration until after denial of the medical exemption. *See Exhibit 6, October 18, 2012, Letter from Julia Sykes, Denying Medical Exemption.*

25) On October 26, 2012, plaintiff submitted a second request for religious exemption setting forth the answers to the questions in the denial letter received from Julia Sykes at the NYC Department of Education Immunization Program, Office of School Health. *See Exhibit 3, October 26, 2012 letter from Dina and Andrew Check.*

26) On November 7, 2012, despite Plaintiff having enjoyed a religious exemption for the two (2) years prior to this application, and her beliefs remaining steadfast and consistent, plaintiff received another letter from Julia Sykes at the NYC Department of Education Immunization Program, Office of School Health stating that her application for a religious exemption was again denied and stating that Plaintiff could appeal the denial by requesting an interview with Jolan Nagi, Health Liasion, within 10 school days of receipt of said letter. *See Exhibit 8, November 7, 2012 Denial Letter from Julia Sykes.*

27) On or about December 3, 2012, plaintiff attended an appeal interview with Jolan Nagi, Health Liasion and answered six (6) questions regarding her religious beliefs.

28) After review of the report from Jolan Nagi, plaintiff sent an email to Nagi to clarify some of the religious beliefs that were discussed during this interview. *See Exhibit 9, Email to Jolan Nagi.*

6

**A-58**

29) On or about December 4, 2012, within 24 hours of this interview, plaintiff received a third denial for her application for a religious exemption from the immunization requirements of NYS PHL 2164(9). *See Exhibit 10, December 4, 2012 Letter from Julia Sykes, Denying the Appeal for a Religious Exemption.*

30) Plaintiff subsequently spoke with Julia Sykes, a representative of Defendant, who continuously referred to the fact that Plaintiff had first applied for a medical exemption and then sought a religious exemption after the medical exemption had been denied. This is incorrect.

31) Plaintiff never filed for a medical exemption, rather, the child was attending school in New York City pursuant to a valid religious exemption provided under NYS PHL 2164(9).

32) Defendant believed that Plaintiff was using religion as a pretext for medical fears about immunizations.

33) Defendant was unaware that the child had been attending school in New York City for more than two years pursuant to a valid religious exemption granted to her under NYS PHL 2164(9).

34) The entitlement to an education and the medical exemption of Public Health Law Section 2164(8) includes both public and private schools.

35) The entitlement to an education and the religious exemption of Public Health Law Section 2164(9) includes both public and private schools.

7

**A-59**

36)     Public Health Law Section 2164 subsections (2), (7), and (9) provide as follows in relevant part:

(2)          "Every person in parental relation to a child in this state shall have administered to such child an adequate dose or doses of an immunizing agent against poliomyelitis, mumps, measles, diphtheria, rubella, varicella, Haemophilus influenzae type b (Hib), pertussis, tetanus, pneumococcal disease, and hepatitis B, which meets the standards approved by the United States public health service for such biological products, and which is approved by the department under such conditions as may be specified by the public health council."

(7)     "No principal, teacher, owner or person in charge of a school shall permit any child to be admitted to such school without the certificate provided for in Subdivision 5 of this Section or some other acceptable evidence of the child's immunization against poliomyelitis, measles, diphtheria, rubella...."

(8)     "If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health. "

(9)     "This section shall not apply to children whose parent, parents, or guardian hold genuine and sincere religious beliefs which are contrary to the practices herein required, and no certificate shall be required as a prerequisite to such children being admitted or received into school or attending school."

Public Health Law § 2164.

8

**A-60**

37) Plaintiff's daughter has medical contraindications and has had a New York State physician indicate same, qualifying her for a medical exemption.

38) Plaintiff holds faith in a belief system contrary to the above-mentioned statutory requirements in Public Health Law Section (2) and (7), thereby bringing Plaintiff within the statutory religious exemption set forth in Public Health Law Section 2164(9) and guaranteeing the exemption.

39) In defining what constitutes "religious belief" for purposes of the constitutional guarantee of freedom of religion, the test is whether Plaintiff's beliefs and faiths occupy a place in their lives parallel to that filled by the orthodox belief in God held by others, or any other "sincere religious beliefs which are based upon a power or being, or upon a faith to which all else is subordinate or upon all else is ultimately dependent." *U.S. v. Seeger*, 380 U.S. 163, 176, 85 S.Ct. 850, 859, 13 L.Ed.2d 733, 743 (1965); *see also Sherr and Levy v. Northport East-Northport Union Free School District*, 672 F.Supp 81, 92 (E.D.N.Y. 1987) (quoting *Seeger, supra*, 380 U.S. at 165-66, 85 S.Ct. at 854, 13 L.Ed. 2d at 737).

40) No legitimate or legal basis exists for an independent school to avoid accepting the medical or religious exemption provided for pursuant to New York State Public Health Law Sections 2164(8-9) because there is no requirement under the law that Plaintiff be a member of a religious group that has tenets contrary to vaccinating. The exemption he seeks is based upon a personal religious belief and interpretation of his religion.

41) By reason of the fact that the Plaintiff's daughter's medical condition makes it dangerous for her to receive additional vaccines, and that Plaintiff's religious beliefs are genuine and sincerely held, and in the absence of an epidemic or outbreak of the communicable

9

**A-61**

diseases, Plaintiff must be deemed to be within the statutory religious exemption set forth in Public Health Law Section 2164(9). *See Bowden, et al., v. Iona Grammar School, et al.*, 284 A.D.2d 357, 358, 726 N.Y.S.2d 685, 686 (2d Dep't 2001) (citing Public Health Law § 2164(1)(a)).

## Count One

(Impermissible Burdening of Free Exercise of Religion in Denial of United States Constitution-First and Fourteenth Amendment Rights)

42) Plaintiff reiterates and restates the allegations in the Verified Complaint's previous paragraphs and incorporates them therein.

43) Defendants School District and Superintendent have arbitrarily, capriciously and unreasonably denied Plaintiff Infant's application for an exemption.

44) The actions of Defendants have resulted in a denial of Plaintiff's rights to freedom of religion in violation of the First Amendment of the United States Constitution under the Free Exercise clause, made applicable to the states and state actors through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

45) Based upon the foregoing, Defendants are liable within this cause of action for violation of federal constitutional rights pursuant to 42 U.S.C. § 1983.

## Count Two

(Violation of the Ninth and Fourteenth Amendment Rights)

**A-62**

46)     Plaintiff reiterates and restates the allegations in the Verified Complaint's previous paragraphs and incorporates them therein.

47)     The Ninth Amendment guarantees individual rights and personal liberties, such as actions taken with one's body.

48)     Defendants have acted as an arm of the state taking on the function of enforcing its immunization requirements, constituting state action.

49)     Defendants have arbitrarily, capriciously, and unreasonably denied Plaintiff's request for the religious exemption from vaccines.

**50)**     Based upon the foregoing, Defendants are liable within this cause of action for violation of federal constitutional rights pursuant to 42 U.S.C. § 1983.

## Count Three

(Violation of United States Constitution's Substantive Due Process Clause)

51)     Plaintiff reiterates and restates the allegations in the Verified Complaint's previous paragraphs and incorporates them therein.

52)     The Fourteenth Amendment of the United States Constitution also guarantees unenumerated rights through substantive Due Process.

53)     In applying New York State's vaccine exemption statute, Defendant has acted under color of state law, depriving Plaintiff and her daughter of a fundamental right to refuse medical intervention for the daughter's body.

**A-63**

**54)**   Based upon the foregoing, Defendant is liable within this cause of action for violation of
federal constitutional rights pursuant to 42 U.S.C. § 1983.

## Count Four

(Violation of New York State Public Health Law Section 2164(8))

55)   Plaintiff reiterates and restates the allegations in the Verified Complaint's previous
paragraphs and incorporates them therein.

56)   Defendant, by and through her agents, servants and employees has violated New York
State Public Health Law Section 2164, applying it in a grossly incorrect manner, refusing
to give proper consideration to the application for the medical vaccine exemption, and
attempting to deprive Plaintiff of her statutory rights to a medical exemption from
vaccines for school admission, in ignoring the physician's certification of medical
contraindications.

**57)**   Based upon the foregoing, Defendant has improperly applied the New York statute to
Plaintiff's situation.

## Count Four

(Violation of New York State Public Health Law Section 2164(9))

58)   Plaintiff reiterates and restates the allegations in the Verified Complaint's previous
paragraphs and incorporates them therein.

59)   Defendant, by and through her agents, servants and employees has violated New York
State Public Health Law Section 2164, applying it in a grossly incorrect manner, refusing

12

**A-64**

to give proper consideration to the application for the religious vaccine exemption. and attempting to deprive Plaintiff of her statutory rights to a religious exemption from vaccines for school admission.

60) Plaintiff has set forth a valid basis of religious beliefs contrary to vaccinating. entitling her entire family to the religious exemption from vaccines.

61) Defendant has therefore unlawfully violated Plaintiff's rights to a religious vaccine exemption due to an impermissible classification of Plaintiff and her family by their religion, an improper application of the statute, or both, in not accepting Plaintiff's claim for an exemption pursuant to Public Health Law Section 2164.

62) Based upon the foregoing. Defendant has improperly applied the New York statute to Plaintiff's situation.

WHEREFORE, Plaintiff respectfully requests:

a) Judgment of this Court ordering Defendant to grant the medical exemption from vaccines;

b) Judgment of this Court ordering Defendant to grant the religious exemption from vaccines;

c) Costs, disbursements, and attorney's fees to the extent allowable by law; and

d) Such other, different. and further relief this Court may deem just and proper.


Dated: Piermont, New York
January 29, 2013

13

**A-65**

/s/ Patricia Finn, Esq.

Patricia Finn, Esq.
Attorney for Plaintiff
Patricia Finn, Attorney, P.C.
450 Piermont Avenue,
Piermont, New York 10968
Tel.: (845) 398-0521
Fax: (888) 874-5703
patriciafinnattorney@gmail.com

## Designation of Trial Counsel

Patricia Finn, Esq., is designated as trial counsel in this matter.

Dated: Piermont, New York
January 29, 2013

/s/ Patricia Finn, Esq.

Patricia Finn, Esq.

To:
New York City Department of Education
52 Duane Street
New York, NY 10007
Ph: (212) 374-5115

14

**A-66**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
----------------------------------------------------------------X  VERIFICATION
DINA CHECK, on behalf of Minor MC,                                 OF COMPLAINT

                                Plaintiff,       Docket No. 13-CIV-_____

    -against-

                                             Hon. _____
NEW YORK CITY DEPARTMENT OF EDUCATION,           L.S.D.J.

                       Defendant.       Hon. _____
                                             U.S.M.J.
----------------------------------------------------------------X

STATE OF NEW YORK   :
                    :ss
COUNTY OF NY   :

## VERIFICATION OF COMPLAINT

    DINA CHECK being duly sworn deposes and says that I am a Plaintiff in this
proceeding; concerning the attached Complaint knows the contents thereof: that the same is true
to the knowledge of deponent except as to the matters therein stated to be alleged upon
information and belief. and as to those matters I believe them to be true.

                                           Dina Check, Plaintiff

Sworn to and subscribed by me this
21 day of January, 2013

Notary Public

JEANNE HALLACK
NOTARY PUBLIC, STATE OF NEW YORK
NO.01HA4765238
QUALIFIED IN RICHMOND COUNTY
COMMISSION ESPIRES SEPTEMBER 30, 20__

**A-67**

# EXHIBIT 1

*3009/01* /2012



# New York State Education Department

## Education - P-16

## REQUEST FOR RELIGIOUS EXEMPTION TO IMMUNIZATION FORM
## PARENT/GUARDIAN STATEMENT

Name of Student _XXXXXXXXXXXXXXXXXXXXXXXXXXXX_

Identification Number _____

Name of Parent(s)/Guardian(s) _Dina check, Andrew check_

School District and Building Name _Ymc-A Broadway. a ites_

This form is for your use in applying for a religious exemption to Public Health Law immunization requirements for your child. Its purpose is to establish the religious basis for your request since the State permits exemptions on the basis of a sincere religious belief. Philosophical, political, scientific, or sociological objections to immunization do not justify an exemption under Department of Health regulation 10 NYCRR, Section 66-1.3 (d), which requires the submission of:

A written and signed statement from the parent, parents, or guardian of such child, stating that the parent, parents or guardian objects to their child's immunization due to sincere and genuine religious beliefs which prohibit the immunization of their child in which case the principal or person in charge may require supporting documents.

In the area provided below, please write your statement. The statement must address all of the following elements:

- Explain in your own words why you are requesting this religious exemption.
- Describe the religious principles that guide your objection to immunization.
- Indicate whether you are opposed to all immunizations, and if not, the religious basis that prohibits particular immunizations.

You may attach to this form additional written pages or other supporting materials if you so choose. Examples of such materials are listed on page 3.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX _I am exercising my right to refuse to vaccinate my child because doing so conflicts with my religious beliefs. I am requesting this religious exemption because it is my strong belief that all vaccines are made in violation of God's Word. Vaccines are made with toxic chemicals that are injected into the bloodstream by vaccination. All vaccines are made with foreign proteins (viruses and bacteria), and some vaccines are made with genetically engineered viral and bacterial materials. Therefore, I_

March 2006

*Please continue your statement on page 2*

## A-69

feel Vaccinated my child conflicts with my religious beliefs because I believe that man is made in God's image and the injection of toxic chemicals and foreign proteins into the bloodstream is a violation of God's directive to keep the body, which is to be treated as a temple), holy and free from impurities. God's warning not to mix the blood of man with the blood of animals. Many Vaccines are produced in animal tissues. The New Testament epistles provide an exposition of christian teaching regarding ethical behavior. Christians think of life as a gift of God and the body as a marvelous work of divine creation to be reverenced as a temple of God (I Corinthians 3:17,2 Corinthians 7:1). Furthermore there is no scriptural support for injecting poisons or any virus into the bloodstream to cure or prevent disease. The Old and New Testaments, however, are replete with references to keeping the body blemish-free so that we may have abundant life. These reasons are my religious principles and guide my objection to immunization.

When my daughter was born she had milk allergies which led to inflammation of the intestines and internal bleeding. She had food Sensitivities to all food. she could not digest her food which allowed her to have a poor immune system and she caught viruses frequently. She still Currently has yeast toxins which overwhelm her body. Since she was so Sick, doctors were dispensing antibiotics to her, but in turn we found that she was anaphylactic to several antibiotics, we were in and out of doctor's offices

Please sign in the space provided below and have the document notarized by a notary public where indicated.

I hereby affirm the truthfulness of the forgoing statement and have received and reviewed the informational immunization materials provided to me by my child's school.

*mrs Nina Check*             1/24/10
Signature of Parent/Guardian    Date

For the first year of her life and she was not getting better. This led me to Holistic Medicine which aided in the healing of my daughter. My relationship with the Lord grew stronger through prayer and guidance from the Word of God. My religious beliefs evolved and continue to do so and through the grace of God, my daughter is functioning significantly better and is healing. Attached are facts about the negative side effects from Vaccinations.

March 2006             *Please continue your statement on page 1*

**A-70**

# EXHIBIT 2

Handed into P'S 35 along with medical 504 form.
Sept. 2012

XXXXXXXXXXXXXX
XXXXXXXXXXXXXX
XX Bronx Court XX
XXXXXXXXX XX XXXXX
XXXXXXXXXXXXXXXX

To Whom It May Concern:

I am writing to convey the religious beliefs that have precluded my husband, Andrew and me from vaccinating our daughter XXXXXXXXX thereby exercising our rights under NY State law to receive a religious exemption for vaccination. I know that by requirement we are to focus on solely our religious considerations as the basis for that very important decision, yet I would assert that religion does not exist in a vacuum void of logic, philosophy or morality. So there will clearly be points displayed of all of these factors that have become the basis of our beliefs against vaccination.

I am requesting this religious exemption because it is my strong belief that all vaccines are made in violation of God's word. I was baptized in the Catholic Church, and through my spiritual journey and religious beliefs, I am definitively against vaccinations based on a foundation of Catholicism.

At the core of the faith and the teachings of the Catholic Church is the belief that Moral Conscience is sacred to Catholic tenets and must be obeyed as described in the Catechism and numerous encyclicals, especially by the Fourth Lateran Council, *"The Divine Law is the supreme rule of actions; our thoughts, desires, words, acts, all that man is, is subject to the domain of the law of God; and this law is the rule of our conduct by means of our conscience. Hence it is never lawful to go against our conscience; as the Fourth Lateran council says, 'Quidquid fit contra conscientiam, aedificat ad gehennam.'"* ["Whatever is done in opposition to conscience is conducive to damnation."]

As such, it is of my conscience to oppose vaccines that are derived from aborted fetal cell lines. The Vatican has concurred stating the following: *"As regards the diseases against which there are no alternative vaccines which are available and ethically acceptable, it is right to abstain from using these vaccines if it can be done without causing children, and indirectly the population as a whole, to undergo significant risks to their health."* (Moral Reflections on Vaccines Prepared From Cells Derived From Aborted Human Foetuses, Pontifical Academy for Life, June 2005). Therefore, as followers of this doctrine who are strongly opposed to abortion as a violation of The Fifth Commandment, we cannot in good conscience use any product that takes its origin in abortion.

Although our parents chose presumed artificial immunity for us as infants, with little or no choice or education otherwise, it is our strong belief that the God given immunities we are born with cannot be improved upon. That is not to say that my husband and I don't believe in medicines to treat afflictions that our born systems cannot fight or heal, but to introduce foreign matter into a untested immune system demonstrates a great lack of faith in the gift of health in life that God gives us at birth.

On the balance of the recommended vaccines, most all are cultured from DNA and RNA from animals of the likes of monkeys and chickens. We believe that in God's eyes injecting doses of these diseases into an immune system would be seen as nothing short of an atrocity. Thus, in abidance with that belief, and as ▨▨▨▨▨▨ protectors in faith, I could not and will not subject her to any such vaccinations.

Andrew and I have taken this decision very seriously. Early on, we had thought that vaccinations were required by law and a fore gone conclusion, and we discussed all medical, scientific, philosophical and moral issues surrounding vaccinating our child at great length after ▨▨▨▨▨▨ was born and was experiencing medical issues from vaccinations she received at birth, before we knew better medically and spiritually. Medica▨▨▨▨▨▨ an exemption from receiving vaccinations; yet, it was truly the contradiction with my religious beliefs that had been a great source of emotional conflict and duress for myself.

Just prio▨▨▨▨▨▨ntering Kindergarten, we were comforted to learn that my religious beliefs would be respected and that we had the right to get this exemption for the preservation of our faith, and of our children. In that the use of these vaccines would be in direct violation of our Catholic teachings and doctrine on moral conscience, and a contradiction of our faith in the natural blessings of God from birth, I submit this exemption in accordance with NY State Law under NY CLS Pub Health § 2164 (9).

Sincerely,

Dina M. Check

Andrew Check

EXHIBIT 3

*after Being Denied,*
*I re Submitted a new*
*letter with more info.*

Dina & Andrew Check
XXXXXXXXXX X
XXXXXXXXXXXXXXXXX X
XXXXXXXXXXXXXXXXXXXX X

(10/26/12)

To Whom It May Concern:

    I am exercising my right to refuse my child XXXXXXXXXXXXX because doing so conflicts with my religious beliefs. I am requesting this religious exemption because it is my strong belief that all vaccines are made with toxic chemicals that are injected into the bloodstream by vaccination.

    According to the FDA all vaccines are made with foreign proteins (viruses & bacteria's), and some vaccines are even made with genetically engineered viral and bacterial materials.

    At the core of my religious beliefs and the teachings of the Catholic Church is the belief that Moral conscience is sacred to Catholic tenets and must be obeyed as described in the catechism and numerous encyclicals. Hence it is never lawful to go against our conscience. The New Testament epistles provide an exposition of Christian teaching regarding ethical behavior. Christians think of life as a gift of God and the body as a marvelous work of divine creation to be reverenced as a temple of God (I Corinthians 3:16,619). To keep the body/temple holy and clean from blemish, scripture warns against defiling the body. (I Corinthians 3:17, 2 Corinthians 7:1).

    As such, it is of my conscience to oppose vaccinations that are derived from aborted fetal cell lines. I believe that man is made in God's image and the injection of toxic chemicals and foreign proteins into the bloodstream is a violation of God's directive to keep the body, (which is to be treated as a temple), holy and free from impurities. God's warning not to mix the blood of man with the blood of animals. Many vaccines are produced in animal tissues. The virus in any vaccine is cultured on tissue from monkeys, chicks, or aborted fetuses, which have produced antigens that cannot be filtered out.

    The Vatican has concurred stating the following: "As regards the disease against which there are no alternative vaccines which are available and ethically acceptable, it is right to abstain from using theses vaccines if it could be done without causing children, and indirectly the population as a whole, to undergo significant risks to their health".

    When my daughter XXXXX was born she had milk allergies and was allergic to all proteins, which led to inflammation of the intestines which in turn caused internal bleeding, vomiting and severe diarrhea. My daughter was born with a compromised immune system. Since she was so sick, doctors were dispensing antibiotics to her, but in turn we found that she was anaphylactic to several antibiotics. We were in and out of doctors offices for the first several years of her life. I had to eliminate solid foods from her diet and put her on Neocate, which is an amino acid based formula for her survival and currently still uses for nutrition. XXXXX immune system will not tolerate any artificial sugars or genetically modified foods, medications, etc.

    I have now turned to holistic medicine which has aided in the healing of my daughter. My relationship with the Lord grew stronger through my prayers and guidance from the word of God. My religious belief evolved and continues to do so and through the grace of God, my daughter is functioning significantly better.

**A-75**

The use of these vaccines would be in direct violation of our Catholic teachings and doctrine on Moral conscience, and a contradiction of our faith in the natural blessings of God from birth, we submit this exemption in accordance with NY State Law under NY CLS PUB Health S 2164 (9).

We are opposed to all immunizations because we believe that in God's eyes injecting doses of these diseases into an immune system would be seen as nothing short of an atrocity. Thus, in abidance with that belief, and as ████s protectors in faith, I could not and will not subject her to any such vaccinations. I have taken this decision very seriously. I am asking for this religious exemption for the preservation of our faith, and the safety and well being of my ████████████████████

Sincerely,

Dina M. Check
Andrew check

A-76

# EXHIBIT 4

# MR. & MRS. ANDREW CHECK



From the moment XXXX was conceived, we knew there was a spiritual power watching over us. The Lord and His angels have surrounded us every step of the way. We rely on the Lord and His word and He has never let us down. The same way we receive Christ is the same way we are supposed to live each day of our lives—in total, complete dependence on Him. We thank The Lord for every second of every day that we get the honor of being XXXX's parents, for all of our children are the most precious gifts that God has given us.

XXXX is only five years old, but she has a deep connection with The Lord. His love radiates through her. We read blessings and passages to her and she understands their significance. It is a joy to watch her talk about the grace of God, which she does often. It is XXXX's unwavering faith that inspires us as a family to move forward through the difficult times. The Lord's grace is like light. But what we human's tend to do a lot of the time is fight with darkness, when all we need to do is just run to the light. XXXX understands this notion with all of her soul. What's the purpose of struggling in the dark and banging into each other, when all we have to do is simply flip on a switch? The minute the light comes on, it swallows up the darkness.

People often spend time being mad about things in their lives, but it is our five year old X daughter, XXXX, who reminds us that all we really need to do is just get more light into the situation. Galatians 5:16 urges us to *walk and live [habitually] in the [Holy] Spirit...then you will certainly not gratify the cravings and desires of the flesh....* Notice how it doesn't say to follow the ways of the world and instead to follow The Lord and His word in order to see the light? XXXX is just a child, but she comprehends the power of God's grace and she talks about how she feels His presence with her at all times.

A specific example of when we experienced the grace of God was when XXXX was a little over a year old and her doctor had prescribed her a compounded suppository antibiotic. We administered the medicine at home as instructed, but less than twenty seconds later XXXX went into an anaphylactic shock. She started vomiting, convulsing, water was pouring out of her rectum, and her eyes rolled into the back of her head. Everything was happening so quickly, I couldn't reach the phone to call 911. My first reaction was to cry out to the Lord, "In the name of Jesus, save my baby!" All of a sudden, the vomiting stopped and the color came back into her face. Her eyes were looking at us, she was breathing normally and a peace and calmness came over her. The only one who could save us and rescue XXXX so swiftly during that crisis was Our Heavenly Father. This is just one of the many miracles that this family has experienced through the Lord, Jesus Christ.

The love one has for their child runs so deep, that there cannot be a love that compares. Every ounce of pain that XXXX has suffered, we as her parents have suffered through it as well. There is nothing worse than watching your child experience severe agony. The Lord has gotten us through the toughest of times and with Him by our sides-- we never walk alone.

**A-78**

We are a practicing Catholic family and our religion and our faith are the principals upon which we rely to raise our family, care for our children, and live our lives. We know that our faith and spirituality is a journey and each day brings us more knowledge and understanding of God's Word and God's Will for His people. We practice our faith in earnest by reading the Bible, listening to teachings, and most importantly using life's lessons and experiences to bring me closer to God and to live according to His Word. My faith grows stronger everyday as I gain a deeper understanding of my conscience, my truth, and my beliefs. Inside myself and my conscience I am with God. It is an inner place, away from the world- it is the kingdom of heaven. My journey in this world is guided by my deepest truth and beliefs. I approach my life and the foundations of my family: my marriage and raising my children by putting my faith in God, listening to my inner conscience and doing what I feel is right and in the way of the Lord. In Jesus' sermon on the Mount (Matthew 5:5) he said "Blessed are the meek for they will inherit the earth." This means that these people drop out of the journey of self and submit to God, not their own thoughts or what the world may believe. Further, my family and I attend church weekly and daily we teach our children to be selfless, kind, charitable, and humble as this is the way of the Lord. We are submitting this statement of our religious beliefs and request that our children be granted a religious exemption from immunizations.

We believe that we have a perfect creator—God. Life is a gift from God and the body is a marvelous work of divine creation to be reverenced as a temple of God. To inject invasive and unnatural substances into this divine creation is showing a lack of faith in God and His way. It is our belief that the God given immunities we are born with cannot be improved upon nor should we try to do this through unnatural, man-made, artificial immunizations that violate many aspects of our religious beliefs. This does not mean that we are against medical treatment, however, immunization demonstrates a great lack of faith in the gift of health and the promise of protection that we are given at birth and through baptism when we put our child in the hands of the Lord. We believe that all immunizations are made in violation of God's Word. Immunizations contain unnatural substances that are injected into the bloodstream. We believe the body and the blood to be holy as they were created by God. Our faith and religious teachings direct us to keep our bodies pure and holy as we were created in the image of God and our bodies are the temple of the Holy Spirit. The Bible and it's teachings also warn against mixing the blood of man with the blood of the beast and being that there are immunizations that are grown on chicken embryos and monkey livers, this is a direct violation of our religious teachings and our beliefs.

The New Testament epistles provide an exposition of Christian teaching regarding ethical behavior. Christians think of life as a gift from God and the body as a marvelous work of divine creation which is to be reverenced as a temple of God. Furthermore, there is no scriptural support for injecting poisons or any viruses into the bloodstream to cure or prevent disease but both the Old and New Testaments are replete with references to keeping the body blemish free in order to have abundant life and blessings from the Lord.

I also believe in the Catechism of the Catholic Church as these teachings are at the core of our faith and the teachings of the Catholic Church. This supports the belief that moral conscience is sacred to Catholic tenets and must be obeyed as described in the Catechism. The Fourth Lateran Council states "The Divine Law is the supreme rule of actions; our thoughts, desires, words, acts, all that man is, is subject to the domain of the law of God; and that law is the rule of our conduct by

**A-79**

means of our conscience. Hence it is never lawful to go against our conscience; as the Fourth Lateran council says, "whatever is done in opposition to conscience is conducive to damnation." Some immunizations are derived from aborted fetal cells and abortion is against God's 5th commandment, "[t]hou shall not kill" and also against conscience. Therefore, to submit to any immunization containing aborted fetal cells is a violation of my faith and beliefs that would sentence me to damnation.

The following scripture from the Holy Bible support our religious beliefs:

*"So God created man in His own image; in the image of God He created him; male and female He created them."*

*(Genesis 1:27)*

*"That your faith should not be in the wisdom of men but in the power of God."*

*(1 Corinthians 2:5)*

*"You shall have no other gods before Me."*

*(Exodus 20:3)*

*"Or do you not know that your body is the temple of the Holy Spirit who is in you, whom you have from God, and you are not your own?"*

*(1 Corinthians 6:19)*

*"Do you not know that you are the temple of God and that the Spirit of God dwells in you?"*

*(1 Corinthians 3:16)*

*"If anyone defiles the temple of God, God will destroy him. For the temple of God is holy, which temple you are.*

*(1 Corinthians 3:17)*

*""You shall not eat anything that dies of itself..."*

*(Deuteronomy 14:21)*

*"But you shall not eat flesh with its life, that is, its blood."*

**A-80**

*(Genesis 9:4)*

The forgoing are our sincere and genuine religious beliefs and for the reasons stated above we object to all vaccines in that they are a violation of our faith.

**ANDREW CHECK**

**DINA CHECK**

JEANNE HALLACK
NOTARY PUBLIC, STATE OF NEW YORK
NO.01HA4765238
QUALIFIED IN RICHMOND COUNTY
COMMISSION ESPIRES SEPTEMBER 30, 20 14

**A-81**

EXHIBIT 5

NOV-03-2010 05:44   SCHOOL HEALTH PROGRA...



**NYC**
Department of
Education

## Medical Request for Immunization Exemption

**Instructions:** This form is to be completed by the student's treating physician (must be licensed in NYS). The medical basis for exemption request should be based on medical literature such as AAP Red Book, ACIP or CDC guidance. Failure to provide contact information or sufficient written medical documentation will delay the review process. Requests for additional information, either by phone or in writing, that are not responded to within 2 weeks will result in denial of exemption request.

XXXXXXXXXXXXXXX XXXXXX is under my care for: _Pediatric autism_
(Student's name)                                                    (Diagnosis)

A. I request that this student be excused from having the following required immunization(s) and certify that the particular immunization(s) may be detrimental to the child's health:
1. _DTAP_   2. _MMR_   3. _Hep. B_   4. _Varicella_   5. _Polio (IPV)_

B. Detail medical basis for exemption request below. (If request based on titers, please include copy of lab documentation). **NOTE: REQUESTS FOR MEDICAL EXEMPTION FROM MMR BASED ON EGG ALLERGY WILL NOT BE ACCEPTED. NATIONAL GUIDELINES ARE CLEAR THAT EGG ALLERGY (EVEN IF ANAPHYLACTIC) IS NOT A VALID CONTRAINDICATION FOR MMR VACCINATION.** (Physician may attach a letter detailing the medical basis for the exemption request).
_XXXXXXXX a weak immune system + has had health problem XXXXX to past vaccines + emotional response which lead to further to the GI issue + illness. She is still having issues at this time, it is not remded but she remains high sensitive_

C. I am this student's treating healthcare provider and can be reached via Telephone ( _718_ ) _962-6300_ and/or Beeper / Cell _____ on the following days and times:
Mon _8_ to _6_ (hrs) Tues _8_ to _6_ (hrs) Wed _8_ to _3:30_ (hrs) Thurs _3_ to _6_ (hrs) Fri ___ to ___ (hrs)

Provider's original signature _____   License# _218343_
Print Name/ Degree _Michael Gabriel_   Date _3/7/12_

### PARENT/GUARDIAN CONSENT FOR RELEASE OF MEDICAL INFORMATION

I authorize _Dr Michael Gabriel_ (name of doctor) to provide physicians and nurses employed by the New York City Department of Education and the Department of Health and Mental Hygiene and their medical consultants with information contained in my child's medical record, including, but not limited to, copies of laboratory or other examinations supporting the exemption of my child from having required immunizations.

Parent/Guardian's signature: _Mrs Dina Check_

Parent/Guardian: Print name: _Dina Check_   Date _____

### FOR DOE USE ONLY

Student's Name XXXXXXXXXXXXXXXXX   DOB _____ ID# _____ School DBN _____

### FOR OFFICE OF SCHOOL HEALTH USE ONLY

Medical review completed by Dr. _____ Date _____
Physician Comments _____

Exemption Status: ___ Denied ___ Approved   Length of exemption: Permanent _____ Yearly _____
Date of Renewal if less than yearly: _____

Rev March 2010

**A-83**

# EXHIBIT 6



**Department of Education**

Office of School Health
28-11 Queens Plaza North, Room 402
Long Island City 11102

1-718-391-8116 tel.
1-718-391-8128 fax

Re: XXXXXXXX X
Student ID: XXXXXXXXXX
Borough: XXXXXXXXX
District: XXX X
School: XXXX
Immunization(s) Exemption Request:

October 18, 2012

Dear Dina Check:

Your request for medical immunization exemption for the above named student
has been reviewed by a physician at the New York City Department of Health
and Mental Hygiene's Office of School Health. The documentation provided by
your child's health care provider does not meet nationally recognized standards
for medical contraindication of immunization. This request is denied for the
following immunizations: all vaccines

You may appeal this decision by providing <u>additional</u> medical documentation
within ten school days of receipt of this letter. Appeals submitted without
additional medical documentation will be reviewed by the Medical Director and
all decisions will be final.

Sincerely,

*Julia Sykes*

Julia Sykes
Office of School Health

c: Principal
  CFN Health Liaison

# EXHIBIT 7

(718) 391.8383



**Office of School Health/**
**Office of Related and Contractual Services**
28-11 Queens Plaza North, Room 402
Long Island City 11101

(718) 391-8116 tel
(718) 391-8126 fax

October 22, 2012

M E M O R A N D U M

TO:        Parent of XXXXXXXXX

FROM:      Julia Sykes, Health Service Coordinator *JS*
           Department of Education Immunization Program
           Office of School Health

SUBJECT:   Request for Religious Exemption

The Office of School Health has reviewed the request for a religious exemption from immunization for the following student:

Student's Name:    XXXXXXXXX X

Student's I.D.     XXXXXXXX

Borough, District, School:  XXXXXXXX

With regard to this request, the following action is taken.

_____ x _____ **Additional Information Required**

Explanation: It has been determined that there is insufficient documentation to determine whether a religious exemption from immunization is warranted and that additional documentation in support of your request must be submitted. You must provide additional documentation within ten school days of receipt of this letter.
The additional documentation you submit must address all of the following elements:

- o Explain in your own words why you are requesting this religious exemption.
- o Describe the religious principles that guide your objection to immunization.
- o Indicate whether you are opposed to all immunization, and if not, the religious basis that prohibits particular immunizations.

**A-87**

2

**Please be advised that affidavits and/or letters from the internet**, or a letter from you, a lawyer, a member of the clergy or any other individual simply indicating that a parent has such a religious belief, without any further explanation, is inadequate to support the granting of an exemption.

**Please note** that the Public Health Law does not authorize the granting of exemptions based upon personal, moral, secular, scientific or philosophical beliefs.

### Appeal Process for Religious Exemption

If your child is not offered an exemption, you may appeal the denial by arranging an interview with your CFN Health Liaison within ten school days of receipt of letter. During this appeal process, your child will be permitted to remain in school. Based upon the results of that interview and the documentation submitted, a written determination will be made on your appeal.

If the appeal is denied, you may appeal the denial to the NYS Commissioner of Education (518) 474-6400, within thirty (30) days of the decision, pursuant to Education Law, Section 310. Please be advised that pending an appeal to the Commissioner, your child will not be permitted to remain in school.

c:     Principal
      CFN Health Liaison

**A-88**

# EXHIBIT 8



*415 89 st. 4th floor 409A*
*Nov. 28th      10:45   Health App*



**Department of Education**

Office of School Health/
Office of Related and Contractual Services
28-11 Queens Plaza North, Room 402
Long Island City 11101

(718) 391-8116 tel
(718) 391-8128 fax

November 7, 2012

## M E M O R A N D U M

TO:          Parent of XXXXXXXXXX

FROM:      Julia Sykes, Health Service Coordinator *JS*
             Department of Education Immunization Program
             Office of School Health

SUBJECT:    Request for Religious Exemption

The Office of School Health has reviewed the request for a religious exemption from immunization for the following student:

Student's Name:     XXXXXXXXXXX

Student's I.D. #:    XXXXXXXXXXXX

Borough, District, School: XXXXXXXXXX

With regard to this request, the following action is taken.

_____ x ____ **EXEMPTION DENIED**

Explanation:

It has been determined that the documentation you submitted is inadequate to warrant an exemption and does not substantiate a finding that you hold genuine and sincere religious beliefs which are contrary to immunization.

You may appeal the denial of your exemption request by arranging an interview with Jolan Nagi, Health Liaison at 718-759-4875 within ten school days of receipt of this letter. It is the policy of the New York Department of Education to allow students to

# EXHIBIT 9


**Verizon Message Center**

Monday, Dec 3 at 2:11 PM

From: Dina Check XXXXXXXXXXXXXXXXX

To: JNagi@schools.nyc.gov

Subject: Re: Mary Check ID # 229-507-512

Attention: Jolan Nagi

After reading the report, I would like it to be recognized that "God" is a name and the name should be capitalized. Also, after further reading the report I realized that there were some important points that I made that needed to be clarified correctly.

1. The parents response- I feel as a catholic, that vaccinating my children is wrong. We have a perfect creator; God is perfect. Life is a gift of God and the body is a marvelous work of devine creation to be reverenced as a temple of God (I Corinthians 3:16,6:19). To keep the body/temple holy and clean from blemish, scriptures warns against defiling the body. (1 Corinthians,3:17,2 Corinthians 7:1). Injecting invasive substances into a child is showing a lack of faith in God.

2. The parent's belief is related to Catholicism/ the Catechism.

3. The parent's response: "Yes I am opposed to all immunizations. Yes I do have other children who have been immunized but regret doing so. I felt very strongly at the time, that this was wrong. I felt very pressured, it made my stomach turn, it made me sick. I felt the resistance, a burning vibration inside of me. It kept coming to me that we should be keeping the body blemish free, so that it may have an abundant life. I will never go against my conscience again, I know better now because it shows a lack of faith in God's all knowingness."

4. The parent's response- I have held it as long as I have been a catholic as I have grown in my spiritual journey and started to practice my faith in earnest; reading the bible, listening to teachings, and also most importantly, life's experiences brought me closer to God. My inner understanding of my conscience, my truth, my beliefs: my relationship with the LORD has grown very strong through prayer and guidance it has grown stronger through the word of God everyday. It gets stronger everyday.

5. The parent's response: - "When I get inside my inner truth, in my conscience - I am with God, An inner place away from the world. It's the kingdom of heaven. My journey in the world is guided by my deepest truth and beliefs. I approach my life and the foundations of my family: my marriage and raising my children, by going into my truth, my inner conscience. It's not what you see, touch, or feel, it's my heart, the comfort I feel, courage and security, my faith in God. I do not get caught up in the world, which leads to a misguided path of self, and an isolated journey. I don't act or believe every thought that comes into my mind. They are outer trappings of the world. I go into my conscience where there is no isolations; it's my deepest truth where I commune with The Lord. That's how I take care of my family; it's me waiting on the work of God. In Jesus sermon on the mount. (Mathew 5:5) he said(Blessed are the meek for they will inherit the earth) They drop out of the journey of self, the meek submit to God, not their own thoughts or what the world believes. I try to teach my children to be selfless, kind, charitable, which is to follow thee teachings of Jesus Christ".

6. The parent's response: - "Yes, I do believe in medical intervention only if the child is ill or injured. I am not against doctors or medicine. I believe in treating the sick. I work very closely with my doctor. If it is necessary I will have my children treated with antibiotics or transfusions, if something should go wrong. A healthy child should be left alone.

Dina Check

On 11/29/12, Nagi Jolan (05M499) wrote:

**A-92**

# EXHIBIT 10



Office of School Health/
Office of Related and Contractual Services
28-11 Queens Plaza North, Room 402
Long Island City 11101

(718) 391-8116 tel
(718) 391-8126 fax

December 4, 2012

# MEMORANDUM

TO:        Parents of XXXXXXXXXXX

FROM:      Julia Sykes, Health Service Coordinator *JS*
           Department of Education Immunization Program
           Office of School Health

SUBJECT:   Request for Religious Exemption

The Office of School Health has reviewed your appeal of the denial of a religious exemption from immunization for the following student:

Student's Name:        XXXXXXXXXX

Student's I.D. #:       XXXXXXXXXX

Borough, District, School:   X XXXXXXXXXX

With regard to this request, the following action is taken.

_____X_____  APPEAL DENIED

Explanation:
Your appeal of the denial of a religious exemption from immunization for your child is denied. The documentation you submitted and the information provided during the appeal interview do not substantiate a finding that you hold genuine and sincere religious beliefs which are contrary to immunization. You may appeal the denial to the NYS Commissioner of Education (518) 474-6400, within thirty (30) days of the decision, pursuant to Education Law, Section 310. During this appeal process, your child will not be permitted to remain in school.

c:     Principal
       CFN Health Liaison

## A-94

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
--------------------------------------------------------X

DINA CHECK, on behalf of Minor MC,                    AFFIDAVIT OF PLAINTIFF

                                 Plaintiff,     Docket No. 13-CIV-_____-
                                            _____-_____

-against-

                                            Hon. _____-
NEW YORK CITY DEPARTMENT OF EDUCATION,     U.S.D.J.

                                Defendant.     Hon. _____,
                                            U.S.M.J.

--------------------------------------------------------X

      DINA CHECK, Plaintiff in the above-captioned action, being duly sworn and deposed,

swears as to the following under penalty of perjury:

    1)    I am Plaintiff in the above-captioned action.

    2)    I make this Affidavit in support of the proposed Order to Show Cause to permit

my child to attend school, notwithstanding Defendant's arbitrary, capricious, and

unreasonable denial of a medical exemption and the unconstitutional denial of a religious

exemption, at all times.

    3)    As a practicing Roman Catholic, I believe that we have a perfect creator—God and

that life is a gift from God and the body is a marvelous work of divine creation to be

reverenced as a temple of God.  To inject disease into this divine creation as a purported

means of illness prevention is showing a lack of faith in God and His way.

    4)    I further believe that the God given immunities we are born with cannot be improved

upon nor should we try to do this through unnatural, man-made, artificial immunizations that

violate many aspects of our religious beliefs.  This does not mean that we are against

1

**A-95**

medical treatment. Immunization demonstrates a great lack of faith in the gift of health and the promise of protection that we are given at birth and through baptism when we put our child in the hands of the Lord. It is my belief that resorting to immunizations demonstrates a lack of faith in God, which would anger God and therefore be sacrilegious.

5) I believe the body and the blood to be holy as they were created by God. My faith and religious teachings direct us to keep our bodies pure and holy as we were created in the image of God and our bodies are the temple of the Holy Spirit.

6) I believe that God wants us to put our faith for disease prevention in him exclusively, through the immune system and any natural ingredients deemed necessary.

7) According to my religious beliefs, vaccines would defile God's creation of the immune system, angering God due to the interference with his plan to supply each human with a pristine immune system.

8) As a result, I sought and obtained a religious exemption from the otherwise-required vaccines, and my daughter remained in a New York State/New York City School for two years with a valid and approved religious exemption.

9) Subsequently, I was told that a medical application had been submitted on my behalf without my knowledge and consent and then denied.

10) I applied for the religious exemption that I previously had no trouble in obtaining and was denied.

**A-96**

11)    My attorney has advised me that my federally-protected rights under the United

States Constitution have been violated under the First, Ninth, and Fourteenth

Amendments due to the denials.

12)    I am gravely concerned about the absence of in-class instruction availability to my

child while she is excluded from school.

13)    I am concerned that my daughter will endure irreparable detriment to her

education and educational progress as a result of the lack of in-class instruction.

Dated: January 13, 2013

s _____
DINA CHECK, Plaintiff

JEANNE HALLACK
NOTARY PUBLIC, STATE OF NEW YORK
NO.01HA4765238
QUALIFIED IN RICHMOND COUNTY
COMMISSION ESPIRES SEPTEMBER 30, 20 14

3

**A-97**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

-----------------------------------------------------------------X

DINA CHECK, on behalf of Minor MC,                    RULE 65 STATEMENT

                                    Plaintiff,        Docket No. 13-CIV-_____-
                                                      _____-_____

          -against-
                                                      Hon. _____,
NEW YORK CITY DEPARTMENT OF EDUCATION,                U.S.D.J.

                                    Defendant.        Hon. _____,
                                                      U.S.M.J.
-----------------------------------------------------------------X

1.  Patricia Finn, Esq., of Patricia Finn Attorney, P.C., the undersigned, an attorney

    licensed to practice in the New York State Courts representing the Plaintiff, affirms

    the following under penalty of perjury:

2.  I am attorney for Plaintiff.  My office address is Patricia Finn Attorney, P.C., 450

    Piermont Avenue, Piermont, New York 10968. I am a member in good standing of

    the bar of the State of New York.

3.  All the statements contained in this declaration are made and based upon a review of

    the file in my office and information and belief.

4.  I have provided Defendant with advanced notice of this Application for a Temporary

    Restraining Order and Preliminary Injunction ("Application") by sending all papers to

    be filed, via facsimile mail.

5.  My office telephoned Defendant to notify it of the Application for a Temporary

    Restraining Order, and that the proposed Order to Show Cause and supporting

    documents would be submit for filing on or about February 12, 2013, that day

1

**A-98**

6. My office with "Karen" _____, who confirmed receipt of the message, instructing this office to fax the papers to (212) 374-5939, attention Robin Greenfield, Esq.

7. Upon information and belief, Plaintiff's daughter has medical contraindications to vaccines, and Plaintiff holds genuine religious beliefs to vaccinating, helping result in a likelihood of success.

8. There is good cause to believe that immediate and irreparable damage to the Plaintiff will occur each day that Plaintiff's right to freely exercise her due process rights and religious beliefs, and from each and every day Plaintiff is excluded from sending her daughter to school by Defendant.

9. Minimal prejudice is believed to result toward Defendant through the granting of the provisional relief.

10. It is respectfully submitted that the balance of equities favors Plaintiff, whose child is excluded from school.

11. No application for this or similar relief requested has been made to this or any other Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: Piermont, New York
       January 12, 2013

Patricia Finn, Esq.
Attorney for Plaintiff
Patricia Finn Attorney, P.C.
450 Piermont Avenue
Piermont, New York 10968
Tel.: (845) 398-0521
Fax: (888) 874-5703
patriciafinnattorney@gmail.com

2

**A-99**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DINA CHECK, on behalf of Minor MC,

                                    Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                    Defendant.

----------------------------------------------------------------x

**DECLARATION OF
JULIA SYKES IN
OPPOSITION TO
PLAINTIFF'S MOTION
FOR A PRELIMINARY
INJUNCTION**

13 Civ. 791 (SLT) (LB)

**JULIA SYKES** declares pursuant to 28 U.S.C. § 1746, and subject to the penalties of perjury, that the following are true statements:

1.     I am employed by the New York City Department of Education ("DOE") as the Health Service Coordinator in the Office of School Health. I have held this position for approximately thirty-three years.

2.     As the Health Service Coordinator, I am responsible for, among other things, the review of parents' requests for religious exemptions from immunization, including the request at issue in this litigation. I have been responsible for reviewing all requests for religious exemptions for nearly nine years. I also receive medical decisions on medical exemption s from Supervising Medical Doctors employed by our School Health Program, which is operated jointly by the DOE and the New York City Department of Health and Mental Hygiene ("DOHMH").

### The Exemption Procedure

3.     To request a religious exemption to an immunization requirement, a parent must provide to the school a written explanation of the foundations for his or her religious belief opposing immunization. The school then will forward the request to a designated Health Liaison, who then forwards it to me at the Office of School Health. The Office of School Health

**A-100**

may request that the parent provide additional documentation in order to determine whether an exemption is warranted. Documentation that a parent provides must (a) address why the parent, in his or her own words, is requesting the religious exemption; (b) describe the religious principles that guide the parent's objection to immunization; and (c) if the parent opposes only certain immunizations, describe the religious basis that prohibits those particular immunizations.

4.      Each request for a religious exemption is reviewed and a determination is made as to whether the exemption should be granted or denied. If the request is denied, the parent may appeal the denial by arranging an interview with the DOE Health Liaison within ten school days from receipt of the letter. The purpose of the interview is to provide the Health Liaison with the opportunity to speak to the requesting parent one-on-one to gain a better understanding of the parent's opposition to immunization. The parent is also given an opportunity to offer further evidence to support the request. The Health Liaison will forward additional documentation to the Office of School Health for review, and we will make a final decision based on the entirety of the evidence.

## Plaintiff's Prior Request for a Medical Exemption

5.      In this case, as a threshold matter, Plaintiff first submitted a request for a medical exemption, which was denied on October 18, 2012. (A copy of the request is annexed to the complaint as Exh. "5," and a copy of the denial is Exh. "6"). The reason for the denial is discussed in the accompanying declaration of Dr. Gabriel Adrien, a physician in our School Health Program. Dr. Adrien found that there were in fact no medical contraindications to immunization, and Plaintiff, after receiving the denial determination, did not appeal this determination.

6.      I have been informed by counsel that Plaintiff contends in her complaint that she never actually filed for a medical exemption, ostensibly because the child had attended a

- 2 -

**A-101**

private pre-K program with a religious exemption; thus purportedly a medical exemption was unnecessary, and Plaintiff speculates that the request was sent to me in error. See Comp. ¶ 31. Whatever the circumstances may be from her perspective, in reviewing my records, it is apparent that the DOE received a Medical Request for Immunization Exemption (see Comp., Exh. "5"), it was referred to Dr. Adrien, he found no medical contraindications and advised that immunizations in this instance were safe and appropriate, and the request for an exemption was denied on October 18, 2012.

### The Religious Exemption Request

7.    Plaintiff then submitted an undated letter requesting a religious exemption, a copy of which is annexed to the Complaint as Exh. "2."

8.    I received this on October 22, 2012, just days after I notified Ms. Check of the denial of the medical exemption (on October 18, 2012). I then asked Ms. Check for additional information, since a second request for an exemption, based on a different ground and submitted on the heels of a prior denial, may suggest an attempt at pretext. (In my experience, I have seen similar other attempts to qualify for a different exemption, following an initial rejection.) A copy of my request is annexed as Exh. "A." In response to my request, she sent me a letter with additional information, that I received on November 5, 2012, a copy of which is annexed as Exh. "B." (The letter itself was dated October 26, 2012, and her signature was notarized on November 1, 2012.)

9.    In reviewing her submissions, I did not discern a genuine and sincere religious impetus to her objection. Rather, her objections appeared philosophical and moral. She did not assert that the tenets of Catholicism prohibit immunization, and it is my understanding that all New York City Catholic school require immunization in the normal course. She also expressed concerns about "vaccines...made with toxic chemicals" and

- 3 -

**A-102**

"genetically engineered viral and bacterial matter" (see Exh. B"), which suggests a personal fear and skepticism about the safety of immunizations in general, rather than a religious objection to immunizations.

10.     By Memorandum dated November 7, 2012, I informed Ms. Check that her request had been denied, and advised her that she could appeal by arranging an interview with Jolan Nagi, a DOE Health Liaison, within 10 school days of the receipt of the letter. A copy of this notice is annexed to the Complaint as Exh. "8."

11.     On November 28, 2012, Ms. Check met with Mr. Nagi, and I received the report from him containing Ms. Check's further assertions on November 29, 2012. See Memorandum of Jolan Nagi, with e-mail cover page dated November 27, 2012, a copy of which is annexed as Exh. "C." Ms. Check was also copied on the report itself.

12.     In, this report, I noted, among other things, that she claimed not to oppose medical intervention in all circumstances, and would allow the use of medication or transfusions under certain circumstances. This statement appeared inconsistent with her purported religious objection to immunization. See Exh. "C."

13.     On December 3, 2012, Ms. Check sent Mr. Nagi an e-mail commenting on this report. I received her submission on December 3, 2012, with a note from Mr. Nagi advising me that he stands by the original report. See e-mail from Jolan Nagi to Julia Sykes, dated December 3, 2012, a copy of which is annexed as Exh. "D."

14.     By memorandum dated December 4, 2012, I advised Ms. Check that her appeal of the denial of a religious exemption had also been denied. A copy of this determination is annexed to the complaint as Exh. "10." I also advised Ms. Check that she could appeal this

- 4 -

**A-103**

determination to the State Commissioner of Education pursuant to state law. <u>See</u> Comp., Exh. "10." On information and belief, she has not done so.

15.     Finally, although Ms. Check has repeatedly asserted that she had a prior religious exemption from a private pre-K provider, she never proffered any documentation confirming that. Even had she done so, the DOE would still evaluate the request on its merits, as we would not consider the Department bound by a prior determination of a non-governmental entity.

Dated:      New York, New York
            February 26, 2013

JULIA SYKES

- 5 -

**A-104**

# Exhibit A



**Department of Education**

Office of School Health/
Office of Related and Contractual Services
28-11 Queens Plaza North, Room 402
Long Island City 11101

(718) 391-8116 tel
(718) 391-8128 fax

October 22, 2012

M E M O R A N D U M

TO:         Parent of Mary Check

FROM:       Julia Sykes, Health Service Coordinator *JS*
            Department of Education Immunization Program
            Office of School Health

SUBJECT:    Request for Religious Exemption

The Office of School Health has reviewed the request for a religious exemption from immunization for the following student:

Student's Name:        Mary Check

Student's I.D.         229-507-512

Borough, District, School:    R/31/035

With regard to this request, the following action is taken.

_____x_____ Additional Information Required

Explanation: It has been determined that there is insufficient documentation to determine whether a religious exemption from immunization is warranted and that additional documentation in support of your request must be submitted.  You must provide additional documentation within ten school days of receipt of this letter.
The additional documentation you submit must address all of the following elements:
- o  Explain in your own words why you are requesting this religious exemption.
- o  Describe the religious principles that guide your objection to immunization.
- o  Indicate whether you are opposed to all immunization, and if not, the religious basis that prohibits particular immunizations.

**A-106**

# Exhibit B

**A-107**

THE UNIVERSITY OF THE STATE OF NEW YORK
## THE STATE EDUCATION DEPARTMENT

## REQUEST FOR RELIGIOUS EXEMPTION TO IMMUNIZATION FORM
*PARENT/GUARDIAN STATEMENT*

Name of Student ___Mary Domanica Check___

Identification Number ___[redacted]___

Name of Parent(s)/Guardian(s) ___Dina Check, Andrew Check___

School District and Building Name ___P.S. 35___

This form is for your use in applying for a religious exemption to Public Health Law immunization requirements for your child. Its purpose is to establish the religious basis for your request since the State permits exemptions on the basis of a sincere religious belief. Philosophical, political, scientific, or sociological objections to immunization do not justify an exemption under Department of Health regulation 10 NYCRR, Section 66-1.3 (d), which requires the submission of:

> A written and signed statement from the parent, parents, or guardian of such child, stating that the parent, parents or guardian objects to their child's immunization due to sincere and genuine religious beliefs which prohibit the immunization of their child in which case the principal or person in charge may require supporting documents.

In the area provided below, please write your statement. The statement **must** address **all** of the following elements:

* Explain in your own words why you are requesting this religious exemption.
* Describe the religious principles that guide your objection to immunization.
* Indicate whether you are opposed to all immunizations, and if not, the religious basis that prohibits particular immunizations.

You may attach to this form additional written pages or other supporting materials if you so choose. Examples of such materials are listed on page 3.

___Please see attached for___
___Explanation, Religious principles that guide___
___to our objection to immunizations and___
___Supporting materials, Declaration of Vaccination___
___Exemption___

**A-108**

Dina & Andrew Check
31 Blaine Court
Staten Island, NY 10310

10/26/12

To Whom It May Concern:

I am exercising my right to refuse my child Mary Domanica Check because doing so conflicts with my religious beliefs. I am requesting this religious exemption because it is my strong belief that all vaccines are made with toxic chemicals that are injected into the bloodstream by vaccination.

According to the FDA all vaccines are made with foreign proteins (viruses & bacteria's), and some vaccines are even made with genetically engineered viral and bacterial materials.

At the core of my religious beliefs and the teachings of the Catholic Church is the belief that Moral conscience is sacred to Catholic tenets and must be obeyed as described in the catechism and numerous encyclicals. Hence it is never lawful to go against our conscience. The New Testament epistles provide an exposition of Christian teaching regarding ethical behavior. Christians think of life as a gift of God and the body as a marvelous work of divine creation to be reverenced as a temple of God (I Corinthians 3:16,619). To keep the body/temple holy and clean from blemish, scripture warns against defiling the body. (I Corinthians 3:17, 2 Corinthians 7:1).

As such, it is of my conscience to oppose vaccinations that are derived from aborted fetal cell lines. I believe that man is made in God's image and the injection of toxic chemicals and foreign proteins into the bloodstream is a violation of God's directive to keep the body, (which is to be treated as a temple), holy and free from impurities. God's warning not to mix the blood of man with the blood of animals. Many vaccines are produced in animal tissues. The virus in any vaccine is cultured on tissue from monkeys, chicks, or aborted fetuses, which have produced antigens that cannot be filtered out.

The Vatican has concurred stating the following: "As regards the disease against which there are no alternative vaccines which are available and ethically acceptable, it is right to abstain from using theses vaccines if it could be done without causing children, and indirectly the population as a whole, to undergo significant risks to their health".

When my daughter Mary was born she had milk allergies and was allergic to all proteins, which led to inflammation of the intestines which in turn caused internal bleeding, vomiting and severe diarrhea. My daughter was born with a compromised immune system. Since she was so sick, doctors were dispensing antibiotics to her, but in turn we found that she was unaphylactic to several antibiotics. We were in and out of doctors offices for the first several years of her life. I had to eliminate solid foods from her diet and put her on Neocate, which is an amino acid based formula for her survival and currently still uses for nutrition. Mary's immune system will not tolerate any artificial sugars or genetically modified foods, medications, etc.

I have now turned to holistic medicine which has aided in the healing of my daughter. My relationship with the Lord grew stronger through my prayers and guidance from the word of God. My religious belief evolved and continues to do so and through the grace of God, my daughter is functioning significantly better.

**A-109**

The use of these vaccines would be in direct violation of our Catholic teachings and doctrine on Moral conscience, and a contradiction of our faith in the natural blessings of God from birth, we submit this exemption in accordance with NY State Law under NY CLS PUB Health S 2164 (9).

We are opposed to all immunizations because we believe that in God's eyes injecting doses of these diseases into an immune system would be seen as nothing short of an atrocity. Thus, in abidance with that belief, and as Mary's protectors in faith, I could not and will not subject her to any such vaccinations. I have taken this decision very seriously, I am asking for this religious exemption for the preservation of our faith, and the safety and well being of my daughter Mary Check.

Sincerely,

Dina M. Check
Andrew check

*Dina M. Check*
*Andrew Check*

*Came Before me:*
*NOV. 1, 2012*

FRANCIS P. PERRAIUOLU
Notary Public, State of New York
No. 43-4989336
Qualified in Richmond County
Commission Expires Dec. 2, 2012

**A-110**

## Refusal to Vaccinate

Child's Name: _Macy Domanica check_    Child's ID # ~~[redacted]~~

Parent's/Guardian's Name(s): _Dina check, Andrew check_

I acknowledge that my child's medical care
provider, has recommended that my child (named    |    Medical Care Provider
above) receive the following vaccines:

| Recommended | | Declined |
|---|---|---|
| ☐ | Hepatitis B vaccine | ☐ |
| ☐ | Diphtheria, Tetanus, acellular Pertussis (DTaP) vaccine | ☐ |
| ☐ | Diphtheria Tetanus (DT or dT) vaccine | ☐ |
| ☐ | *Haemophilus influenzae* type b (Hib) vaccine | ☐ |
| ☐ | Pneumococcal conjugate vaccine | ☐ |
| ☐ | Polio vaccine (IPV) | ☐ |
| ☐ | Measles, mumps, rubella (MMR) vaccine | ☐ |
| ☐ | Varicella (chickenpox) vaccine | ☐ |
| ☐ | Influenza (flu) vaccine | ☐ |
| ☐ | Meningococcal vaccine | ☐ |
| ☐ | Hepatitis A vaccine | ☐ |
| ☐ | Other#1 _____ | ☐ |
| ☐ | Other#2 _____ | ☐ |

I have studied both sides of this very controversial subject (vaccination) and have become aware of many facts
including the following:

One or more aspects of vaccination (I.E. Blood polluting ingredients, cruelty to animals, cells originating from aborted
fetal cells, etc.) are in violation of one or more doctrines of at least five (5) of the world's major religions. (Christian,
Judaism, Islam, Buddhist and Hindu.)

It is an uncontested scientific fact that a **minimum of 90%** of todays public health achievements originated in the
improvements in sanitation, nutrition, hygiene and insect control which preceded both specific vaccinations and
antibiotics.

No adequate scientific study has ever proved that vaccines give a net benefit to the recipients. For certain diseases it is
beyond controversy that UNVACCINATED children have a considerable advantage over their vaccinated
counterparts.

Many factors have been considered in reaching the decision that my child's best interest will be served by refusing the
vaccine(s) that are checked above.

Parent/Guardian Signature _Dina check_ _[signature]_        Date _11-1-2012_
Witness/
or Notary _[signature]_                                      Date _11-1-2012_

FRANCIS P. FERRAIUOLO
Notary Public, State of New York
No. 43-4989356
Qualified in Richmond County
Commission Expires Dec. 2, 2013

# A-111

DECLARATION OF VACCINATION EXEMPTION                    Page 1 of 2

AFFIDAVIT

### DECLARATION OF VACCINATION EXEMPTION

Pursuant to the Senate Bill #942, Section 1, Chapter 7, under the title "EXEMPTION FROM
IMMUNIZATION" I herby declare that, I, as guardian/parent having responsibility for my self/child
named herein, _____ Which is an adult/minor enrolled in school withhold my consent
and let it be known that said adult/minor is exempted from any and all vaccinations on the grounds that
such is contrary to my beliefs.

SENATE BILL #942 SECTION 1 CHAPTER 7

3380 - IN ENACTING THIS CHAPTER, IT IS THE INTENT OF THE LEGISLATTURE TO
PROVIDE: ⊙ EXEMPTION FROM IMMUNIZATION FOR MEDICAL REASONS OR FOR
PERSONAL BELIEFS.

3385 - IMMUNIZATIONS OF A PERSON SHALL NOT BE REQUIRED FOR ADMISSIONS TO A
SCHOOL OR OTHER INSTITUION ... IF THE GUARDIAN, PARENT, OR ADULT WHO HAS
ASSUMED RESONSIBILITY FOR HIS OR HER CUSTODY AND CARE IN THE CASE OF A
MINOR, OR THE PERSON SEEKING ADMISSION. FILES WITH THE GOVERING AUTHORITY, A
LETTER OR AFFIDAVIT STATING THAT SUCH VACCINATIONS ARE CONTRARY TO HIS/HER
BELIEFS.

All vaccines are harmful and do not protect anyone form disease. Any school or medical authority which
tries to enforce vaccinations on children or anyone else is in violation of the laws of the United States
Constitution, an may be subject to prosecution.

Amendment 14 of the United States Constitution: No state shall make or impose any law which shall
abridge the privileges or immunities of the citizens of the United States, nor shall any state deprive any
person of life, liberty, or property.

Amendment 4 of the United Stated Constitution: " the rights of the people to be secure in their persons
shall not be violated"

SUBSCRIBED AND AFFIRMED TO BEFORE ME ON THIS _____ DAY OF ___ 20____

WITHOUT PREJUDICE UCC 1 - 207

SIGNATURE AND DATE
11 — 1 — 2012
11 — 1 — 2012

NOTARY PUBLIC          MY COMMISION EXPIRES
YOUR CITY,             STATE

FRANCIS P. FERRAIUOLO
Notary Public, State of New York          Click Here To Return To Previous Page
No. 43-4989336
Qualified in Richmond County  Click Here to Return to the Table of Contents
Commission Expires Dec. 2, 2013

http://www.muhammadspeaks.com/vaccineExemption.html                    10/20/2010

## A-112

# Exhibit C

**A-113**

**Sykes Julia**

| | |
|---|---|
| **From:** | Nagi Jolan (05M499) |
| **Sent:** | Thursday, November 29, 2012 9:36 AM |
| **To:** | Sykes Julia |
| **Subject:** | Health Appeal for Mary Check |
| **Attachments:** | mary check health appeal.doc |

**Importance:**     High

Good Morning Julia,

I hope all is well.

Attached you will find a report based on my interview with Mary Check's mother, Dina Check, regarding her appeal for a religious exemption.

If there are any concerns please feel free to contact me.

All the best, always,

*Jolan Nagi*

Education Administrator for Health/ Safety/Suspensions/ and Youth Development
NYC Dept of Education ~ CFN 409
415 89th Street, Room 409
Brooklyn, NY 11209
Jnagi@schools.nyc.gov
Office No. 718-759-4875
Fax No. 718-630-1634

1

**A-114**



**THE NEW YORK CITY DEPARTMENT OF EDUCATION**

Dennis M. Walcott, *Chancellor*

Department of
Education

*Children First Network 409*
*Neal Opromalla: Network Leader*
*Ann Marie Lettieri-Baker: Deputy Network Leader*
*Shahzad Kazi: Deputy Network Leader*

*"A Network Where Excellence Is the Standard."*

415 89ᵗʰ Street Brooklyn, New York 11209
(718) 759-3900 Main Number * (718) 759-3909 Fax

Request for Religious Exemption to Immunization- Parent/Guardian Interview: all responses are verbatim

Student's Name: Mary Check
Student's I.D. #
BDS: R/31/035
Date: 11/28/12
Time 10am-11 am
Name of Parent: Dina Check
Interview conducted by- Jolan Nagi CFN Health Liaison

1. The parent's response -"I feel that as a Catholic it tells me that vaccinating my children is wrong. We have a perfect creator, god is perfect. Life is a gift of god. A divine of creation to be reverenced as a temple of god. To keep the body holy and clean from blemish. Injecting invasive things into a child is showing a lack of faith in god."
2. The parent's belief is related to Catholicism, the Catechism.
3. The parent's response-"Yes I am opposed to all immunizations. Yes I do have other children who have been immunized but regret doing so. I felt very strongly at the time, I thought it was wrong. I felt very pressured. It made my stomach turn, it made me sick. I felt the resistance, a burning vibration inside of me. It kept coming to me, keeping the body blemish free, so that it may have an abundant life. I will never go against my conscience again. I know better now because it shows a lack of faith in god's all knowingness."
4. The parent's response-"I have held it as long as I have been a Catholic; however I have grown in my spiritual journey. I started to practice my faith in earnest, reading the bible, listening to teachings, and life's experiences brought me closer to god. My inner understanding of my conscience, my truth, my beliefs; my relationship with the lord has grown very strong through prayer and guidance through the word of god everyday, getting stronger everyday."
5. The parent's response-"When I get inside my inner truth, in my conscience, I'm with god. It's in a place a way from the world. It's the kingdom of heaven, as Jesus would say. My journey in the world is guided by my deepest truth and beliefs. I approach my life and the foundations of my family: my marriage and raising my children by going into my truth, my inner conscience. It's not what you see, touch, or feel. It's my heart, the comfort I feel, courage and security, my faith in god. I do not get caught up in the world, a misguided path of self, and an isolated journey. I don't act or believe every thought that comes to my head. They are outer trappings of the world. I go into my conscience where there is no isolation; it's my deepest truth, beliefs, my inner conscience. That's how I take care of my family; it's me, waiting on the word of god. The verse from the New Testament, Sermon on the Mount-'bless are the meek for they shall inherent the earth' by Jesus Christ, they drop out of the journey of self, the meek submit to god, not their own thoughts or what the world believes. I try to teach my children to be selfless, kind, charitable, and follow the teachings of Jesus Christ."
6. The parent's response- "Yes, I do believe in medical intervention only if the child is ill or injured. I'm not against doctors or medicine. I believe in treating the sick. I work very closely with my doctor. If it is

**A-115**

necessary I will have my children treated with antibiotics or transfusions if something went wrong. However a health child should be left alone."

*Jolan Nagi*

Education Administrator for Health/ Safety/Suspensions/ and Youth Development
NYC Dept of Education – CFN 409
415 89th Street, Room 409
Brooklyn, NY 11209
Jnagi@schools.nyc.gov
Office No. 718-759-4875
Fax No. 718-630-1634

2

**A-116**

# Exhibit D

**A-117**

**Sykes Julia**

| | |
|---|---|
| From: | Nagi Jolan (05M499) |
| Sent: | Monday, December 03, 2012 2:23 PM |
| To: | Sykes Julia |
| Subject: | FW: Mary Check    ID # 229-507-512 |

Importance:        High

The parent wrote an addendum, below, and e-mailed it to me and so I'm just forwarding it to you.

I stand by the original report. I emailed it to you and the parent/guardian, as well as mailing it to her home address.

She wrote this e-mail to me and asked if I can pass it along.

It's up to you.

I have an interview tomorrow, wish me luck.

Speak to you soon Julia, take care.

-----Original Message-----
From: Dina Check [mailto:deecheck@verizon.net]
Sent: Monday, December 03, 2012 2:11 PM
To: Nagi Jolan (05M499)
Subject: Re: Mary Check ID # 229-507-512


 Attention: Jolan Nagi

        After reading the report, I would like it to be recognized that "God" is a name and the name should be capitalized. Also, after further reading the report I realized that there were some important points that I made that needed to be clarified correctly.

1. The parents response- I feel as a catholic, that vaccinating my children is wrong. We have a perfect creator; God is perfect. Life is a gift of God and the body is a marvelous work of devine creation to be reverenced as a temple of God (I Corinthians 3:16,6;19). To keep the body/temple holy and clean from blemish, scriptures warns against defiling the body. (1 Corinthians,317,2 Corinthians 7:1). Injecting invasive substances into a child is showing a lack of faith in God.
2. The parent's belief is related to Catholicism/ the Catechism.
3. The parent's response: "Yes I am opposed to all immunizations. Yes I do have other children who have been immunized but regret doing so. I felt very strongly at the time, that this was wrong. I felt very pressured, it made my stomach turn, it made me sick. I felt the resistance, a burning vibration inside of me. It kept coming to me that we should be keeping the body blemish free, so that it may have an abundant life. I will never go against my conscience again. I know better now because it shows a lack of faith in God's all knowingness."
4. The parent's response- I have held it as long as I have been a catholic as I have grown in my spiritual journey and started to practice my faith in earnest; reading the bible, listening to teachings, and also most importantly, life's experiences brought me closer to God. My inner understanding of my conscience, my truth, my beliefs: my relationship with the LORD has grown very strong through prayer and guidance it has grown stronger through the word of God everyday. It gets stronger everyday.

# A-118

5. The parent's response: - "When I get inside my inner truth, in my conscience - I am with God. An inner place away from the world. It's the kingdom of heaven. My journey in the world is guided by my deepest truth and beliefs. I approach my life and the foundations of my family: my marriage and raising my children, by going into my truth, my inner conscience. It's not what you see, touch, or feel, it's my heart, the comfort I feel, courage and security, my faith in God. I do not get caught up in the world, which leads to a misguided path of self, and an isolated journey. I don't act or believe every thought that comes into my mind. They are outer trappings of the world. I go into my conscience where there is no isolations; it's my deepest truth where I commune with The Lord. That's how I take care of my family; it's me waiting on the work of God. In Jesus sermon on the mount. (Mathew 5:5) he said(Blessed are the meek for they will inherit the earth) They drop out of the journey of self, the meek submit to God, not their own thoughts or what the world believes. I try to teach my children to be selfless, kind, charitable, which is to follow thee teachings of Jesus Christ".

6.The parent's response: - "Yes, I do believe in medical intervention only if the child is ill or injured. I am not against doctors or medicine. I believe in treating the sick. I work very closely with my doctor. If it is necessary  I will have my children treated with antibiotics or transfusions, if something should go wrong. A healthy child should be left alone.


Dina Check

On 11/29/12, Nagi Jolan (05M499) wrote:




Good Morning Dina,



Attached you will find the report, based on our interview, regarding your appeal for a religious exemption.



I hope this reaches you well.



All the best and happy holidays.

2

**A-119**

Jolan Nagi

Education Administrator for Health/ Safety/Suspensions/ and Youth Development

NYC Dept of Education ? CFN 409

415 89th Street, Room 409

Brooklyn, NY 11209

Jnagi@schools.nyc.gov

Office No. 718-759-4875

Fax No.  718-630-1634

**A-120**

12 Civ.     (    )

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DINA CHECK, on behalf of Minor MC,

                          Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                     Defendant.

**DECLARATION OF JULIA SYKES IN OPPOSITION
TO PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Chlarens Orsland*
*Tel: (212) 788-0904*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................................., 201*

*.............................................................................. Esq.*

*Attorney for ..................................................*

**A-121**