14-2156-cv
Phillips v. City of New York

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

————————

August Term, 2014

(Argued: January 5, 2015    Decided: January 7, 2015)

Docket No. 14-2156-cv

————————

NICOLE PHILLIPS, individually and on behalf of B.P. and S.P., minors,
DINA CHECK, on behalf of minor M.C.,
FABIAN MENDOZA-VACA, individually and on behalf of M.M. and V.M., minors,

*Plaintiffs-Appellants,*

— v. —

CITY OF NEW YORK, ERIC T. SCHNEIDERMAN, in his official capacity as Attorney General, State of New York, DR. NIRAV R. SHAH, in his official capacity as Commissioner, New York State Department of Health, NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendants-Appellees.*[*]

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

1

———————————

B e f o r e:

LYNCH and CHIN, *Circuit Judges*, and KORMAN, *District Judge*.[**]

———————————

Plaintiffs-appellants challenge on constitutional grounds New York State's requirement that all children be vaccinated in order to attend public school. Plaintiffs-appellants argue that the statutory vaccination requirement, which is subject to medical and religious exemptions, violates their substantive due process rights, the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Ninth Amendment, and both state and municipal law.  On the same grounds, plaintiffs-appellants argue that a state regulation permitting state officials to temporarily exclude students who are exempted from the vaccination requirement from school during an outbreak of a vaccine-preventable disease is unconstitutional.  The district court concluded that the statute and regulation are constitutional.  We agree and therefore AFFIRM.

———————————

[**] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

PATRICIA FINN, Patricia Finn, Attorney, P.C., Piermont, New York, *for Plaintiffs-Appellants*.

JAMES ANDREW KENT, Assistant Solicitor General (Steven C. Wu, Deputy Solicitor General, *on the brief*) *on behalf of* Barbara D. Underwood, Solicitor General, *for State Defendants-Appellees*.

JANE L. GORDON *on behalf of* Zachary W. Carter, Corporation Counsel of the City of New York, *for Municipal Defendants-Appellees*.

PER CURIAM:

Plaintiffs brought this action challenging on constitutional grounds New York State's requirement that all children be vaccinated in order to attend public school. Plaintiffs argued that the statutory vaccination requirement, which is subject to medical and religious exemptions, violates their substantive due process rights, the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Ninth Amendment, and both state and municipal law. On the same grounds, plaintiffs argued that a state regulation permitting school officials to temporarily exclude from school students who are exempted from the vaccination requirement during an outbreak of a vaccine-preventable disease is unconstitutional. Defendants moved

3

to dismiss or for summary judgment. The district court (William F. Kuntz II, *Judge*) granted defendants' motions. Because we conclude that the statute and regulation are a constitutionally permissible exercise of the State's police power and do not infringe on the free exercise of religion, and we determine that plaintiffs' remaining arguments are either meritless or waived, we affirm.

## BACKGROUND

New York requires that students in the State's public schools be immunized against various vaccine-preventable illnesses. The New York Public Health Law provides that "[n]o principal, teacher, owner or person in charge of a school shall permit any child to be admitted to such school, or to attend such school, in excess of fourteen days" without a certificate of immunization. N.Y. Pub. Health Law § 2164(7)(a). The statute provides two exemptions from the immunization mandate. First, a medical exemption is available "[i]f any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health." Id. § 2164(8). Second, the a religious exemption is available for "children whose parent, parents, or guardian hold genuine and sincere religious beliefs which are contrary to the

4

practices herein required." Id. § 2164(9). The State provides multiple layers of review for parents if either of these exemptions is denied.

Plaintiffs Nicole Phillips and Fabian Mendoza-Vaca, who are Catholic, received religious exemptions for their children. In November 2011 and January 2012, however, the Phillips and Mendoza-Vaca children were excluded from school when a fellow student was diagnosed with chicken pox, pursuant to a state regulation that provides, "in the event of an outbreak . . . of a vaccine-preventable disease in a school, the commissioner, or his or her designee, . . . may order the appropriate school officials to exclude from attendance" those students who have received exemptions from mandatory vaccination. 10 N.Y.C.R.R. § 66-1.10.

Plaintiff Dina Check applied for a religious exemption for her daughter, M.C.[1] After asking Check to clarify her basis for seeking the exemption, a Department of Education ("DOE") official ultimately denied the exemption, finding that Check's objections to vaccinating M.C. were not based on genuine

---

[1] According to plaintiffs, M.C. had a religious exemption while attending a private pre-school, but was required to reapply when she entered the public school system.

and sincere religious beliefs.[2] Check then brought this lawsuit seeking a preliminary injunction to compel the DOE to allow M.C. to attend school unvaccinated.

The district court (Sandra L. Townes, *Judge*) referred the preliminary injunction application to Magistrate Judge Lois Bloom, who held a hearing at which Check testified regarding the purported religious basis for her objections to vaccines.[3] Check testified that she is Catholic and stated, "How I treat my daughter's health and her well-being is strictly by the word of God." (Joint App'x 136.) Check also testified, however, that she believed that vaccination "could hurt my daughter. It could kill her. It could put her into anaphylactic shock. It could cause any number of things." (Id. at 146.) On cross-examination, Check testified that she did not know of any tenets of Catholicism that prohibited vaccinations. She also detailed several adverse reactions that M.C. had had to

---

[2] Check appealed this denial, and, after an interview with a different DOE official, her appeal was dismissed. Although an additional appeal to the Commissioner of Education was available, Check chose not to appeal and instead commenced this litigation.

[3] M.C. had previously been denied a medical exemption, though Check stated during the preliminary injunction hearing that she never applied for a medical exemption and that the application submitted on her behalf was submitted in error.

vaccinations before Check determined not to subject her to any further inoculation, and stated that these bad reactions led Check to ask God for guidance and protection.

The Magistrate Judge issued a Report and Recommendation recommending that the request for a preliminary injunction be denied. She found that Check's testimony demonstrated that her views on vaccination were primarily health-related and did not constitute a genuine and sincere religious belief. The Magistrate Judge noted especially that "plaintiff's testimony that she did not adopt her views opposing vaccination until she believed that immunization jeopardized her daughter's health is compelling evidence that plaintiff's refusal to immunize her child is based on medical considerations and not religious beliefs." (Id. at 211.) The district court adopted the Report and Recommendation and denied injunctive relief.[4]

---

[4] Despite Check's disavowal of the medical exemption application, after the Magistrate Judge recommended that the preliminary injunction be denied, plaintiffs sought a second preliminary injunction based on the medical exemption. The Magistrate Judge issued a second Report and Recommendation recommending that this request for a preliminary injunction be denied and the district court issued an order adopting her recommendation. As discussed further at note 6, *infra*, plaintiffs do not challenge this order on appeal.

Check's case was subsequently consolidated with the Phillips and Mendoza-Vaca cases before Judge Kuntz.  Plaintiffs thereafter jointly filed an amended complaint, alleging that the State's mandatory vaccination requirement and the regulation permitting temporary exclusion of exempted schoolchildren during a disease outbreak were unconstitutional.  Specifically, plaintiffs alleged that the statute and regulation violated the Free Exercise Clause of the First Amendment, their rights to substantive due process under the Fourteenth Amendment, the Ninth Amendment, the Equal Protection Clause, and state and municipal law.  The municipal defendants moved to dismiss or for summary judgment, and the State defendants moved to dismiss.  The district court granted the motions on June 5, 2014.  Phillips v. City of New York, Nos. 12-cv-98 (WFK)(LB), 12-cv-237 (WFK)(LB), 13-cv-791 (WFK)(LB), 2014 WL 2547584 (E.D.N.Y. June 5, 2014).  Plaintiffs filed their Notice of Appeal five days later, on June 10, 2014.  Nine days after that, plaintiffs moved for reconsideration in the district court.  The district court denied the motion, holding that because plaintiffs had already filed their Notice of Appeal, it no longer had jurisdiction.

8

**DISCUSSION**

We review de novo the district court's grant of a motion to dismiss, accepting as true all facts alleged in the complaint and drawing all reasonable inferences in favor of the plaintiff. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

I.      Substantive Due Process

Plaintiffs argue that New York's mandatory vaccination requirement violates substantive due process. This argument is foreclosed by the Supreme Court's decision in Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11 (1905). In that case, the plaintiff challenged Massachusetts's compulsory vaccination law under the Fourteenth Amendment. The Supreme Court held that mandatory vaccination was within the State's police power. Id. at 25-27; see Zucht v. King, 260 U.S. 174, 176 (1922) ("Jacobson . . . settled that it is within the police power of a state to provide for compulsory vaccination."). The Court rejected the claim that the individual liberty guaranteed by the Constitution overcame the State's judgment that mandatory vaccination was in the interest of the population as a whole. Jacobson, 197 U.S. at 38. Plaintiffs argue that a growing body of scientific evidence demonstrates that vaccines cause more harm

9

to society than good, but as Jacobson made clear, that is a determination for the legislature, not the individual objectors. See id. at 37-38.[5] Plaintiffs' substantive due process challenge to the mandatory vaccination regime is therefore no more compelling than Jacobson's was more than a century ago. See Caviezel v. Great Neck Pub. Schs., 500 F. App'x 16, 19 (2d Cir. 2012) (summary order) (rejecting substantive due process challenge to vaccination mandate based on Jacobson).

II.     Free Exercise of Religion

Plaintiffs next argue that the temporary exclusion from school of the Phillips and Mendoza-Vaca children during the chicken pox outbreak unconstitutionally burdens their free exercise of religion.[6] Jacobson did not

---

[5] Plaintiffs argue that Jacobson requires that strict scrutiny be applied to immunization mandates. Even assuming that Jacobson does demand this level of scrutiny, which no court appears ever to have held, Jacobson addressed a law mandating that all persons over age twenty-one be vaccinated for small pox and the *criminal prosecution* of the plaintiff for refusing to submit to vaccination. 197 U.S. at 12. Here, New York's mandate requires only that children who are not otherwise exempted be vaccinated in order to attend school. Because "there is no substantive due process right to public education," Bryant v. N.Y.S. Educ. Dep't, 692 F.3d 202, 217 (2d Cir. 2012), plaintiffs' substantive due process claim fails even under their reading of Jacobson.

[6] Check also claims that her free exercise rights were violated. However, the district court adopted the Magistrate Judge's finding that Check's objections to vaccinations were not based on religious beliefs, and plaintiffs did not designate either of the district court's orders adopting the Magistrate Judge's

10

address the free exercise of religion because, at the time it was decided, the Free Exercise Clause of the First Amendment had not yet been held to bind the states. See Cantwell v. Connecticut, 310 U.S. 296, 303 (1940). Therefore, Jacobson does not specifically control Phillips's and Mendoza-Vaca's free exercise claim. The Supreme Court has stated in persuasive dictum, however, that a parent "cannot claim freedom from compulsory vaccination for the child more than for himself on religious grounds. The right to practice religion freely does not include liberty to expose the community or the child to communicable disease or the latter to ill health or death." Prince v. Massachusetts, 321 U.S. 158, 166-67 (1944). That dictum is consonant with the Court's and our precedents holding that "a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531 (1993); accord, Leebaert v. Harrington, 332 F.3d 134,

---

Reports and Recommendations in their Notice of Appeal. Therefore, we lack jurisdiction to review the Magistrate Judge's factfinding. See Fed. R. App. P. 3(c)(1)(B); New Phone Co., Inc. v. City of New York, 498 F.3d 127, 131 (2d Cir. 2007). Because Check's objections to the statute are not religious in nature, she lacks standing to challenge the mandate on free exercise grounds. See Mason v. Gen. Brown Cent. Sch. Dist., 851 F.2d 47, 54 (2d Cir. 1988).

11

143-44 (2d Cir. 2003) (holding that parental claims of free exercise of religion are governed by rational basis test). Accordingly, we agree with the Fourth Circuit, following the reasoning of Jacobson and Prince, that mandatory vaccination as a condition for admission to school does not violate the Free Exercise Clause. See Workman v. Mingo County Bd. of Educ., 419 F. App'x 348, 353-54 (4th Cir. 2011) (unpublished).

New York could constitutionally require that all children be vaccinated in order to attend public school. New York law goes beyond what the Constitution requires by allowing an exemption for parents with genuine and sincere religious beliefs. Because the State could bar Phillips's and Mendoza-Vaca's children from school altogether, *a fortiori*, the State's more limited exclusion during an outbreak of a vaccine-preventable disease is clearly constitutional.

III.  Equal Protection

Plaintiffs argue that the mandatory vaccination provision violates their rights under the Equal Protection Clause. To the extent that plaintiffs are claiming discrimination against Catholics, that argument plainly fails because Phillips and Mendoza-Vaca are both Catholic and received religious exemptions. Plaintiffs alternatively argue that Check was treated differently than her

similarly-situated co-plaintiffs. But, as discussed above, plaintiffs failed to challenge the district court's finding that Check's views on vaccines were not based on sincere religious beliefs. Plaintiffs have put nothing in the record to suggest that Phillips's and Mendoza-Vaca's religious beliefs are similar to Check's. Plaintiffs therefore fail adequately to allege an equal protection violation.

IV.     Ninth Amendment

Plaintiffs finally seek succor in the Ninth Amendment. But, we have held, "[t]he Ninth Amendment is not an independent source of individual rights." Jenkins v. C.I.R., 483 F.3d 90, 92 (2d Cir. 2007). Because plaintiffs fail plausibly to allege a violation of any other constitutional right, their effort to recast their unsuccessful claims as a violation of the Ninth Amendment also fails. See id. at 93.[7]

---

[7] Because all of plaintiffs' federal claims fail, the district court properly declined to exercise supplemental jurisdiction over their state and municipal law claims. See 28 U.S.C. § 1367; Valencia ex rel. Franco v. Lee, 316 F.3d 299, 304-05 (2d Cir. 2003).

13

V.	Claims in Plaintiffs' Motion for Reconsideration

Plaintiffs also raise numerous arguments on appeal based on a deposition of DOE official Julia Sykes and other documents that they obtained in discovery. Those arguments were raised for the first time in plaintiffs' motion for reconsideration and therefore were not properly presented to the district court. Accordingly, they are waived. See Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co., 762 F.3d 165, 188 (2d Cir. 2014) (declining to consider arguments raised for the first time in motion for reconsideration where no reason exists to excuse untimeliness).

## CONCLUSION

For the foregoing reasons, the order of the district court is **AFFIRMED**.